**Michael KAPRAL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 97–2290(AMW).**

United States District Court, D. New Jersey.

July 28, 1997.

Marcia G. Shein, Law Office of Marcia G. Shein, P.C., Atlanta, GA, for Petitioner.

Faith S. Hochberg, U.S. Attorney, Howard Wiener, Assistant U.S. Attorney, U.S. Attorney's Office, Newark, NJ, for Respondent.

## OPINION

WOLIN, District Judge.

This matter comes before the Court upon the motion of petitioner Michael Kapral ("Kapral") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. As a matter of first impression, the Court determines that the one-year statute of limitations period under § 2255 begins to run on the date of the appeals court's adjudication of the petitioner's appeal. Because Kapral filed this motion after the limitations period expired, the Court will dismiss Kapral's motion with prejudice.

## BACKGROUND

On January 17, 1995, Kapral pled guilty to the following charges: (1) conspiracy to distribute, and to possess with intent to distribute, in excess of 700 grams of methamphetamine, in violation of 21 U.S.C. § 846; and (2) evasion of federal income taxes, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2. The plea agreement between Kapral and the United States Attorney's Office of the District of New Jersey provided for the acceptance of the pleas and the disposal of all other charges against Kapral.

On May 25, 1995, Kapral appealed his conviction. On February 6, 1996, the Third Circuit Court of Appeals affirmed the conviction by Judgment Order.

On April 29, 1997, Kapral filed the present Motion to Vacate, Set Aside or Correct the Sentence Pursuant to 28 U.S.C. § 2255.[1] In his motion, Kapral claims that ineffective assistance of counsel during the pre-sentencing and appeals processes deprived him of his Sixth Amendment Constitutional right to effective counsel. Further, Kapral alleges that this ineffective assistance of counsel precluded his entering a knowing and intelligent plea.

## DISCUSSION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA" or the "Act") on April 24, 1996. See Pub.L. No. 104–132 (1996). Although

---

1. Section 2255 states, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

the Act does not explicitly state an effective date, this Court has presumed that the Act became effective as of April 24, 1996. *See Duarte v. Hershberger,* 947 F.Supp. 146, 147 (D.N.J.1996). The Act significantly amended the law governing habeas corpus petitions. *See* Pub.L. No. 104–132. Particularly, the Act imposed a one-year statute of limitations on federal prisoners filing motions pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255 (Supp.1997); Pub.L. No. 104–132 § 105. Under the circumstances of this case, the limitations period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.[2]

While § 2255 time bars any motion filed more than one year after the final judgment of conviction, it does not expressly define when a judgment of conviction becomes final. *See* 28 U.S.C. § 2255; *Clarke v. United States,* 955 F.Supp. 593, 595 (E.D.Va. 1997); *United States v. Rienzi,* Nos. 92–33–1, 96–4829, 1996 WL 605130, at *1 n. 7 (E.D.Pa. Oct.21, 1996); *United States v. Bazemore,* 929 F.Supp. 1567, 1569 (S.D.Ga.1996). Courts have suggested various dates on which judgment of conviction could be deemed final, including (1) the date on which the trial court enters judgment and sentence, (2) the date of the appeals court's decision, and (3) the date after which the petitioner can no longer petition the Supreme Court for a writ of certiorari. *See Clarke,* 955 F.Supp. at 595 (identifying possible dates on which limitation period begins to run); *Bazemore,* 929 F.Supp. at 1569 (same). Despite the

limited number of alternatives for the date of judgment finality, the Court was unable to locate any decision that explicitly held when the § 2255 limitations period begins to run. Indeed, the few courts that have addressed the issue have, at most, assumed a given proceeding constituted final judgment for the purposes of a particular case only. *See, e.g., United States v. Simmonds,* 111 F.3d 737, 744 (10th Cir.1997) ("conviction became 'final' after the Supreme Court denied certiorari. . . ."); *Clarke,* 955 F.Supp. at 595 ("For the sake of this motion only, this Court will assume . . . the [final] date [as that] on which petitioner could no longer seek direct review by the Supreme Court."); *Rienzi,* 1996 WL 605130, at *1 n. 7 ("we assume . . . that the judgment here became final when our Court of Appeals rejected plaintiff's direct appeal. . . ."). In this district, determining the definition of "the date on which the judgment of conviction becomes final" is an issue of first impression.[3] The Court holds that for purposes of motions made pursuant to 28 U.S.C. § 2255, the date of the appeals court's decision constitutes the date on which the judgment of conviction becomes final.

The Court's holding comports with the policy underlying the Act. In amending 28 U.S.C. § 2255, Congress intended to "reduce the abuse of habeas corpus that results from delayed and repetitive filings," H.R. Rep. No. 104–23 (1995); *accord* H.R. Conf. Rep. No. 104–518, tit. I (1996); Hon. Lurana S. Snow, *Prisoners in the Federal Courts,* 9 St. Thomas L.Rev. 295, 299 (1997), while preserving

---

**2.** As amended, 28 U.S.C. § 2255 provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have

been discovered through the exercise of due diligence.

**3.** The Court notes that the definition of judgment finality has varied in different contexts. *See, e.g., Bethley v. Louisiana,* —— U.S. ——, ——, 117 S.Ct. 2425, 2426, 138 L.Ed.2d 188 (1997) (defined for purposes of determining Supreme Court jurisdiction over state criminal actions as "the imposition of the sentence"); *Christy v. Horn,* 115 F.3d 201, 203 (3d Cir.1997) (citation omitted) (defined for purposes of appealing a district court's decision of a 28 U.S.C. § 2254 petition as "a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute judgment"); *Morales–Alvarado v. Immigration & Naturalization Serv.,* 655 F.2d 172, 175 (9th Cir.1981) (defined for purposes of deportation proceedings as the exhaustion of direct appeals of right).

the availability of diligently sought review. *See* H.R. Rep. No. 104–23. Accordingly, the AEDPA imposed a one-year statute of limitations for filing petitions, where previously no specific time limit applied. *See* 28 U.S.C. § 2255 (1994), *amended by* Pub.L. No. 104–132 (1996); H.R. Rep. No. 104–23. Defining the date of final judgment of conviction as the date of the appeals court's decision facilitates the congressional intent underlying the AEDPA. Specifically, it counters habeas corpus abuse by definitively limiting the time in which a prisoner may seek § 2255 review, while simultaneously providing ample opportunity for the prisoner to exercise the right to seek relief under § 2255.

In designating the date of the appeals court's decision as the date on which the judgment of conviction becomes final, the Court eschews definitions founded upon the date of the trial court's sentencing or of the prisoner's filing for certiorari with the Supreme Court. Defining the final judgment of conviction as the sentencing date would unfairly impose on the petitioner. The opportunity to challenge a conviction to the appeals court constitutes an appeal of right. To begin running the statute of limitations for a § 2255 motion at sentencing would inhibit the petitioner's opportunity to exercise this appeal of right; it would obligate the petitioner to divert attention toward preparing a § 2255 motion, rather than toward preparing an appeal. Accordingly, the Court rejects the date of sentencing as the date of

final judgment on which the § 2255 statute of limitations begins to run.

The Court also declines to define final judgment of conviction based on a prisoner's petitioning the Supreme Court for certiorari.[4] In contrast to the direct appeal of right, petitioning for certiorari constitutes a discretionary appeal.[5] In exercising this discretion, the Supreme Court rarely grants certiorari in sentencing cases.[6] In addition, having exercised the appeal of right, the petitioner has had a fair opportunity to present his federal claims in an appellate forum. Therefore, a judgment perfected by appeal may fairly be deemed a final judgment from which the § 2255 statute of limitations begins to run.

The Court's decision today may appear to contradict 28 U.S.C. § 2254, the state analog to § 2255; the limitations period under § 2254 generally runs from the date of state supreme court review. The reasons for deviating from the definition of final judgment in the § 2254 context merit discussion, because courts often analogize or distinguish 28 U.S.C. § 2254 and 28 U.S.C. § 2255. *See, e.g., United States v. Marron,* Nos. CRIM. A.93–90, CIV.A.95–2231, 1996 WL 677511, at *2 (E.D.Pa. Nov.22, 1996) (analogizing §§ 2254 and 2255 for purposes of ascertaining if prisoners meet the statutes' "in custody" requirement); *Bazemore,* 929 F.Supp. at 1568–69 (distinguishing §§ 2254 and 2255 for purposes of filing a motion *in forma pauperis*).

---

**4.** The Court recognizes that defining final judgment of conviction as the date of the appeals court decision, in lieu of a date derived from a certiorari petition, bars more petitioners' claims from decision on the merits. Nonetheless, this increased foreclosure of claims is not overly burdensome or onerous. Petitioners have a full year to devote to preparation of their § 2255 motions. In fact, pursuant to the Court's decision today, prisoners remain entitled to file under § 2255 for nine months after the expiration of their time to petition for certiorari. *See* Sup. Ct. R. 13(1) (imposing 90 day statute of limitations for filing petition for certiorari in the Supreme Court following appeals court decision).

**5.** In various contexts, courts have drawn distinctions between, and disparately regarded, discretionary appeals and appeals of right. *See, e.g., M.L.B. v. S.L.J.,* —— U.S. ——, ——, 117 S.Ct. 555, 562, 136 L.Ed.2d 473 (1996) (citing *Ross v.*

*Moffitt,* 417 U.S. 600, 612, 616–18, 94 S.Ct. 2437, 2444–45, 2446–47, 41 L.Ed.2d 341 (1974)) (right to counsel); *Morales–Alvarado,* 655 F.2d at 175 (deportation proceedings).

**6.** Litigants annually file approximately 7,000 petitions for writs of certiorari with the Supreme Court, of which between 100 and 150 are granted review. *See* Stephen R. McAllister, *Practice Before the Supreme Court of the United States,* 64–APR J. Kan. B. Ass'n 25, 26 (1995). Thus, an average petitioner has an approximately one percent chance of being granted review. *See id.* Additionally, in forma pauperis cases constitute over half of the petitions for certiorari. *See id.* at 26–27. These cases, comprised primarily of cases such as Kapral's, *i.e.,* "challenges by state and federal prisoners to their convictions and confinement," are granted review only .45% of the time. *Id.* at 27.

As with 28 U.S.C. § 2255, the AEDPA imposed a one-year statute of limitations on petitions brought pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244 (Supp.1997). For § 2254 petitions, the limitation period runs from the latest of four dates, including, most commonly, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, insofar as direct review constitutes non-collateral review, *cf.* Black's Law Dictionary 238 (5th ed. abr. 1983) (defining "direct" as the "opposite of ... collateral"), the § 2254 statute of limitations runs from the exhaustion or procedural default of state supreme court review. The relative clarity under § 2254 of the date of judgment finality sharply contrasts the ambiguous language of the § 2255 time limit. *See Bazemore,* 929 F.Supp. at 1569. *Compare* 28 U.S.C. § 2255, *with* 28 U.S.C. § 2244(d)(1)(A). This contrast alone warrants individually tailored definitions of final judgment for purposes of the § 2254 and § 2255 statutes of limitations.

In addition to divergent statutory language, another fundamental deviation between § 2254 and § 2255 motions supports different definitions of judgment finality; § 2254 motions originate in state courts, while § 2255 motions originate in federal courts. Section 2254 provides for a federal civil action deriving from a state criminal action. *See Bazemore,* 929 F.Supp. at 1568–69 & n. 1 (citing Liebman & Hertz, 2 Fed. Habeas Corpus Prac. & Proc. § 41.2a at 1183; 28 U.S.C. § 2255, R. 1 (1976 Advisory Committee Notes)). Section 2254, therefore, requires a prisoner to exhaust state remedies before a federal district court will address the merits of the petitioner's motion. *See* 28 U.S.C. §§ 2254(b)(1), (c) (1997); *Rose v. Lundy,* 455 U.S. 509, 515–20, 102 S.Ct. 1198, 1201–04, 71 L.Ed.2d 379 (1982); *Carter v. Vaughn,* 62 F.3d 591, 594 (3d Cir.1995). This requirement promotes comity between the federal and state systems by protecting the state court's role as the initial judge of alleged violations of federal law. *See Rose,* 455

U.S. at 518, 102 S.Ct. at 1203; *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The issue of comity, however, does not figure in § 2255 claims; § 2255 claims arise as motions in already existing *federal* criminal actions. *See Bazemore,* 929 F.Supp. at 1568–69 & n. 1. Thus, defining final judgment for purposes of § 2255 as the appeals court's decision, in contrast to the definition in the § 2254 context, proves appropriate.

For the preceding reasons, the Court holds that for purposes of motions made pursuant to § 2255, the date of the appeals court's decision constitutes the date on which the judgment of conviction becomes final. The one-year statute of limitations begins to run from the date of the appeals court's decision.[7]

In the case at issue, the Third Circuit affirmed Kapral's conviction on February 6, 1996, and Kapral did not file a petition for a writ of certiorari with the Supreme Court. Thus, the statute of limitations expired on February 6, 1997, one year after the appeals court's decision. Because Kapral filed his § 2255 motion with this Court on April 29, 1997, his motion is barred by the statute of limitations.

■ Although the provisions of the § 2255 statute of limitations bar Kapral's motion, the Court recognizes that application of a new statute of limitations to claims accrued before, but filed after, its effective date is retroactive in nature. *See Duarte,* 947 F.Supp. at 148–49. Thus, in the interest of fairness and justice, this Court previously provided a one-year grace period in the context of § 2254 claims; this § 2254 grace period runs from the enactment of the shortened limitations period. *See id.* at 149. The Court discerns no reason not to apply the one-year grace period to motions filed under § 2255. Accordingly, under the one-year grace period, Kapral was entitled to file a § 2255 motion until April 24, 1997. Again, because Kapral filed his motion on April 29,

---

**7.** The Court recognizes that in rare instances, a petitioner may timely file a petition for a writ of certiorari, and the Supreme Court may accept review. In that particular circumstance, the Court contemplates an equitable tolling of the statute of limitations from the date of the Supreme Court's decision.

1997, his motion is barred by the statute of limitations.

## CONCLUSION

For the reasons expressed above, the Court concludes that the one-year statute of limitations under 28 U.S.C. § 2255 begins to run on the later of (1) the date of the appeals court's decision and (2) the date the AEDPA became effective, *i.e.*, April 24, 1996. Because Kapral filed his present motion under 28 U.S.C. § 2255 on April 29, 1997, the Court concludes that his motion is barred by the statute of limitations.[8] Thus, the Court will dismiss Kapral's motion with prejudice.

---

8. The Court notes that on April 29, 1997, Marcia Shein, Kapral's attorney in this matter, filed a motion for admission to practice *pro hac vice*. This motion, however, failed to comport with the requirements of the Local Civil Rules of the United States District Court for the District of New Jersey. *See* D.N.J. Ct. R. 101.1(c). Particularly, in order to be admitted *pro hac vice*, an attorney *of this Court* must submit the motion for admission *pro hac vice* on behalf of Shein; Shein may not sign and submit her own motion prior to being admitted *pro hac vice*. D.N.J. Ct. R. 101.1(c)(3). Thus, if Shein intends to file additional papers with respect to this action, she must first comply with Local Rule 101.1(c).