William **TURNER**, Movant,

v.

William S. **KELLER**, Warden, Respondent.

Criminal No. 88–102.

Civil No. 97–1229.

United States District Court, W.D. Pennsylvania.

March 2, 1998.

William Turner, Elkton, OH, pro se.

Stephen R. Kaufman, Asst. U.S. Atty., Pittsburgh, PA, for Respondent.

## *OPINION*

COHILL, Senior District Judge.

Presently before the court is Defendant/Movant William Turner's Motion to Vacate Sentence and the government's response

thereto. For the reasons stated herein, we will deny the motion.

## I. *BACKGROUND*

Turner was convicted after a jury trial in October, 1988, of the following three counts: 1) possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 2) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and 3) being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Turner absconded during trial, and was not taken back into custody until the following summer.

This Court sentenced Turner to a total term of imprisonment of 20 years on August 2, 1989. Applying the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), the Court imposed a sentence of 15 years as to Count Three. A consecutive sentence of 5 years was imposed as to Count One. Turner appealed to the Court of Appeals for the Third Circuit, and the conviction and sentence were affirmed by memorandum opinion on February 5, 1990.

Until September, 1997, Turner was confined at FCI Raybrook, located in the Northern District of New York. He is currently confined at Elkton, Ohio. Turner commenced this action pro se by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of New York on May 27, 1997. He signed the Petition and Memorandum of Law in Support of the Petition on May 13, 1997.

In the Memorandum of Law, Turner requested that his Petition be transferred to the Western District of Pennsylvania. On June 17, 1997, Judge Ralph W. Smith, Jr. of the Northern District of New York ordered that the case be transferred to the United States District Court for the Western District of Pennsylvania. In his order, Judge Smith stated that Turner's Petition was "correctly viewed as a motion to vacate, set aside, or correct the sentence imposed on petitioner pursuant to 28 U.S.C. § 2255." Judge Smith relied upon *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir.1986) and *Tripati v. Henman*, 843 F.2d 1160 (9th Cir.1988), *cert. denied* 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 565 (1988) in finding that a district court does not generally have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court. In letters dated August 7,1997 and September 8,1997, Turner objected to his action being treated as a Section 2255 motion rather than a Section 2241 petition.

## II. *ALLEGED GROUNDS FOR RELIEF*

Turner is challenging the enhancement of his sentence under 18 U.S.C. § 924(e), claiming that this Court relied upon "invalid" prior state convictions. In his Petition, Turner argues that the prior state convictions were invalid in that they were allegedly obtained "in violation of the Constitutional and Federal rights of [Turner] by State of Pennsylvania." More specifically, in his supporting Memorandum of Law, Turner alleges that a guilty plea was entered as to burglary and larceny in a 1964 case, but that he had only pled guilty to receipt of stolen goods. He further alleges that he cannot be convicted of both larceny and receiving stolen goods. He also claims that he never waived his right to a jury trial in a March,1967 non-jury trial and conviction, and that he was not represented by counsel when he pled guilty in November,1967. Turner further contends that he was sentenced before this Court in violation of his Sixth Amendment right to effective assistance of counsel in that counsel never challenged the prior state convictions relied upon by this Court in enhancing his sentence.

## III. *DISCUSSION*

A. Consideration of Turner's Petition Under 28 U.S.C. § 2255

Under Section 2255, a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States,... or that that sentence was in excess of the maximum authorized by law,... may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255, paragraph

1 (emphasis added). Section 2241, on the other hand, is the appropriate remedy for challenging the effect of events "subsequent" to the sentence. *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir.1976), *cert. denied* 429 U.S. 851, 97 S.Ct. 140, 50 L.Ed.2d 125 (1976) ( *citing Soyka v. Alldredge*, 481 F.2d 303, 306 (3d Cir.1973)). Thus, a Section 2255 motion is generally the proper procedure for challenging the imposition or length of a sentence, while a Section 2241 petition is the proper method for challenging confinement or the execution of a sentence.

Section 2255 does provide for an exception to this general rule, stating that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" (emphasis added). Turner claims that a remedy by motion under Section 2255 is inadequate or ineffective. The government concedes that a federal prisoner may attack previous state convictions, even though those state sentences have been served, by attacking the federal sentence which was enhanced as a result of those state convictions. Furthermore, ineffectiveness cannot be claimed until a petitioner has unsuccessfully filed a Section 2255 Motion in the sentencing court. *DeSimone*, 805 F.2d 321, 324, citing *Winston v. Mustain*, 562 F.2d 565, 567 (8th Cir.1977) (per curiam). Thus, we find that Turner's argument regarding the inadequacy of a Section 2255 motion lacks merit and that this action has correctly been construed as a 28 U.S.C.A. § 2255 Motion to Vacate, Set Aside, or Correct a Sentence.

### B. Timeliness of Turner's Petition

28 U.S.C. § 2255, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in relevant part provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The AEDPA became effective on April 24, 1996. Turner's conviction became final on February 5, 1990. The government concedes that it would be unfair to retroactively apply the one year limitation to petitioners such at Turner. Government's Resp. To Def.'s Mot. To Vacate Sentence at 5. However, the government contends that individuals such as Turner had one year form April 24, 1996, the date of enactment, to file a Section 2255 action. We agree.

Our decision is dictated by the United States Court of Appeals for the Third Circuit's decision in *Burns v. Morton*, 134 F.3d 109, 1998 WL 15128 (3d Cir., Jan. 9, 1998). Although *Burns* dealt with a writ of habeas corpus filed under 28 U.S.C. § 2254 and its timeliness under 28 U.S.C. § 2244(d), the court did not limit its holding to just Section 2254 petitions.

Additionally, we note that federal inmates who wish to file motions to vacate, set aside, or correct their sentences under 28 U.S.C. § 2255 must adhere to a one-year period of limitation virtually identical to that of § 2244(d)(1). See 28 U.S.C. § 2255. We recognize that the one-year period of limitation under § 2255 is not squarely presented in this case. However,

for the orderly administration of justice and to provide immediate guidance to the district courts, we think it imperative that we resolve this issue now. *Cf. Santana v. United States,* 98 F.3d 752, 756 (3d Cir. 1996) (holding in a § 2255 case that procedural rule also applies to § 2254 petitions). Federal prisoners challenging their sentences, no less than state prisoners seeking habeas relief, are entitled to one full year with notice to file such motions. Thus, § 2255 motions filed on or before April 23, 1997, may not be dismissed for failure to comply with § 2255's one-year period of limitation.

Turner's Petition and Memorandum of Law were signed on May 13, 1997. It is clear that Turner's petition was filed beyond the one year period of limitation required under Section 2255 and controlling case law.

An appropriate order will be entered.

AND NOW, to-wit, this 2nd day of March, 1998, upon consideration of the Petition originally filed by William Turner in the Northern District of New York pursuant to Title 28, United States Code, Section 2241, but transferred to the United States District Court for the Western District of Pennsylvania, Petitioner's letters of August 7, 1997, and September 8, 1997, and the Government's Response thereto,

IT IS HEREBY ORDERED that the Petition filed by Turner is one attacking the federal sentence imposed by this Court and thus is properly treated as a Section 2255 Motion;

IT IS FURTHER ORDERED that the Motion filed by Turner on May 27, 1997 be and hereby is dismissed as untimely pursuant to the sixth paragraph of Title 28, United States Code, Section 2255 for the reason that it was filed beyond a one year period from the date of enactment of the Anti–Terrorism and Death Penalty Act, that is, April 24, 1996.