Rafael **DIETSCH**, Petitioner,

v.

**UNITED STATES**, Respondent.

No. CIV. A. 94–5400 (AJL).

United States District Court,
D. New Jersey.

April 14, 1998.

Cheryl J. Sturm, Westtown, PA, for Petitioner.

Lewis Scott Borinsky, Assistant United States Attorney, Newark, NJ, for Respondent.

## OPINION

LECHNER, District Judge.

This matter is currently before the court on the motion (the "Rule 60(b) Motion") by the petitioner, Rafael Dietsch ("Dietsch"), for relief from a final judgment, pursuant to

1. In support of the Rule 60(b) Motion, Dietsch submitted: the Rule 60(b) Motion; a Memorandum of Law in Support of Motion for Relief from Final Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (the "Moving Brief"); and Brief in Response to Court's Order Setting Forth Why the Motion Filed Pursuant to Rule 60(b) F.R.Civ.P. Should Not be Denied as Untimely (the "Supplemental Brief").

In opposition to the Rule 60(b) Motion, the United States (the "Government") submitted: Brief of the United States in Opposition to Petitioner's Motion for Relief from Final Judgment

Rule 60(b) of the Federal Rules of Civil Procedure.[1] Specifically, Dietsch seeks relief from a 25 October 1995 opinion and order that denied his 28 U.S.C. § 2255 petition for a writ of habeas corpus (the "Habeas Petition").[2]

In the Rule 60(b) Motion, Dietsch argues he is entitled to relief because he asserts this court failed to address one of the issues raised in the Habeas Petition, namely, whether the failure of his trial counsel to object to the *Jewell* instruction constituted ineffective assistance of counsel. *See* Motion at 1–2. Dietsch also argues that this court erred by failing to grant a judgment of acquittal. *See id.* at 2.

For the reasons set forth below, the Rule 60(b) Motion is denied.

*Background*

### A. *Procedural History of the Rule 60(b) Motion*

On 12 November 1997, Dietsch filed the Rule 60(b) Motion. An order (the "First Order") was issued on 8 December 1997 directing Dietsch to file an appropriate brief explaining why the Rule 60(b) Motion should not be denied as untimely; the First Order also sought an explanation for the delay in filing the Rule 60(b) Motion. *See* First Order. On 22 December 1997, an order (the "Second Order") was issued denying the Rule 60(b) Motion as untimely because Dietsch failed to submit a brief as directed by the First Order. *See* Second Order.

On 7 January 1998, Dietsch filed a motion for relief (the "Motion for Relief") from the Second Order on the ground that counsel for Dietsch never received the First Order. On 7 January 1998, an order (the "Third Order")

Pursuant to F.R.Civ.P. 60(b), attaching Exhibits A through I (the "Opposition Brief").

2. Dietsch does not contend that the Rule 60(b) Motion is a continuation of the Habeas Petition. This is evidenced by his decision to file a motion pursuant to Rule 60(b), rather than a petition in accordance with 28 U.S.C. § 2255. In any event, the Rule 60(b) Motion cannot be considered a continuation of the Habeas Petition because the Circuit stated: "We express no view as to whether [the claims now raised by Dietsch] may ... be pursued in a *new* § 2255 application." 25 July 1996 Opinion (emphasis added).

was issued granting the Motion for Relief and providing Dietsch with additional time to comply with the First Order. *See* Third Order. On 8 January 1998, an order was issued vacating the Second Order. The Supplemental Brief was received in chambers on 29 January 1998. The Opposition Brief was received in chambers on 19 February 1998. To date, Dietsch has not submitted a reply brief. This opinion was held in abeyance anticipating a reply brief. Because more than a sufficient opportunity has been afforded Dietsch to submit a reply brief, the Rule 60(b) Motion is decided on the submissions received to date.

### B. *Facts*[3]

On 28 August 1992, Dietsch and two co-defendants were indicted for conspiring to distribute and to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1)[4] ("Section 841") and 846[5] ("Section 846"). On 12 November 1992, both Dietsch and the co-defendants were found guilty by a jury of violating Section 846.

On 22 February 1993, Dietsch was sentenced to 121 months imprisonment and five years supervised release. On 24 February 1993, a judgment of conviction and sentence (the "Judgment of Conviction") was entered on the docket.

Dietsch filed a timely Notice of Appeal of the Judgment of Conviction on 22 February 1993. On appeal, Dietsch argued that the evidence introduced at trial was insufficient to support his conviction for participation in the conspiracy. Dietsch also contended he was denied effective assistance of counsel at trial as a result of the failure of his counsel to file various motions. On 21 December 1993, the Circuit affirmed the Judgment of Convic-

tion in all respects. *See United States v. Bautista*, 16 F.3d 405 (3d Cir.1993). The Circuit declined, however, to address the ineffective assistance of counsel claim, stating that it was more appropriately raised in a habeas corpus petition. Dietsch does not appear to have filed a petition for a writ of certiorari with the Supreme Court in connection with the Judgment of Conviction.

On 14 November 1994, Dietsch filed the Habeas Petition, pursuant to 28 U.S.C. § 2255 ("Section 2255"). In the Habeas Petition, Dietsch asserted (1) the Judgment of Conviction was imposed in violation of the Due Process Clause of the Fifth Amendment because the jury verdict was not unanimous; (2) the jury instructions were flawed because the *Jewell* instruction should not have been given; and (3) he did not receive effective assistance of counsel because his counsel failed (a) to object to the alleged negative reaction to the jury's repeated requests for readbacks of trial testimony and (b) to argue for a downward departure from the sentencing guidelines. *See* Memorandum of Law in Support of the Habeas Petition at 9–15. Dietsch did not argue in the Habeas Petition that the failure of his attorney to object to the *Jewell* instruction constituted ineffective assistance of counsel. *See id.* Notably, the attorney who represents Dietsch in connection with the Rule 60(b) Motion also represented Dietsch in connection with the Habeas Petition.

On 28 December 1994, the Government filed an answer (the "Answer") to the Habeas Petition. On 13 January 1995, Dietsch filed a "traverse"[6] (the "Traverse") to the Answer. In the Traverse, Dietsch asserted for the first time, among other things, that "defense counsel rendered ineffective assistance

---

**3.** The facts are taken from a decision of this court, dated 25 October 1995, a decision of the Circuit, filed 21 December 1993, the Moving Brief, the Opposition Brief and the Supplemental Brief.

**4.** Section 841(a)(1) provides, in relevant part:

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally-

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

21 U.S.C. § 841.

**5.** Section 846 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846.

**6.** The term "traverse" appears to be used by Dietsch in lieu of the more commonly used term "reply."

in not objecting to a *Jewell* instruction." Traverse at 7–8.

By Opinion and Order, dated 25 October 1995, (the "25 October 1995 Opinion") the Habeas Petition was denied in all respects. In connection with the ineffective assistance of counsel claims, the court stated:

> [T]here is no evidence in the record to support Dietsch's contentions that the court reacted negatively to the jury's requests for readbacks of the trial testimony. Accordingly, there was no reason for Dietsch's trial counsel to object.
>
> \* \* \* \* \* \*
>
> Dietsch has provided no evidence to justify a finding that but for counsel's alleged errors, the outcome of the [sentencing] proceedings would have been different. As evidenced by the record, Dietsch's trial counsel made timely objections to this sentencing and provided adequate effective assistance.

25 October 1995 Opinion at 19, 24. Although the 25 October 1995 Opinion did not specifically address the claim by Dietsch, first raised in the Traverse, that his counsel rendered ineffective assistance by not objecting to a *Jewell* instruction, it did state:

> Dietsch has not satisfied his claim of ineffective assistance of counsel. Dietsch has failed to provide a reasonable probability that his counsel's alleged deficient performance deprived Dietsch of any substantive or procedural right to which he was entitled, thereby rending his trial unfair.
>
> The alleged omissions of counsel were not outside the wide range of professionally competent assistance. Accordingly, due to counsel's sound professional judgement, Dietsch is not entitled to relief for ineffective assistance of counsel. The issues raised within do not constitute a defect resulting in a complete miscarriage of justice. Dietsch is not entitled to habeas corpus relief.

25 October 1995 Opinion at 24. These statements were intended to apply to all ineffective assistance of counsel claims asserted by Dietsch in the Habeas Petition and the Traverse, including the claim that counsel for Dietsch was ineffective for failing to object to the *Jewell* instruction.

Dietsch appealed (the "Habeas Appeal") the 25 October 1995 Opinion. On 19 June 1996, the Circuit issued an Opinion (the "19 June 1996 Circuit Opinion") affirming the 25 October 1995 Opinion. *See* Moving Brief at 2. The 19 June 1996 Circuit Opinion stated that one of the issues raised by Dietsch on appeal was:

> 3. Whether the district court abused its discretion in denying the motion without holding an evidentiary hearing on the ineffective assistance of counsel claim.

19 June 1996 Circuit Opinion at 2.[7]

On 25 July 1996, the Circuit granted a motion by Dietsch for a rehearing on the Habeas Appeal and issued an Opinion (the "25 July 1996 Circuit Opinion") that amended the 19 June 1996 Circuit Opinion by means of a footnote that stated:

> No ineffective assistance of counsel claim was properly before the district court. We express no view as to whether such a claim may now be pursued in a new § 2255 application.

25 July 1996 Circuit Opinion. The Circuit offered no explanation why it determined that there was no ineffective assistance of counsel claim properly before the district court, despite the fact that such claim was raised in the Habeas Petition and the Traverse and addressed in the 25 October 1995 Opinion and in the Habeas Appeal. The statement by the Circuit appears to be limited to the claim by Dietsch that his counsel was ineffective for not objecting to the *Jewell* charge. This interpretation of the Circuit's statement is supported by a comment in the supplemental brief filed by the Government in connection with the Habeas Appeal and relied upon by Dietsch in the Supplemental Brief in support of the Rule 60(b) Motion:

> The government concedes, however, that defendant's Traverse (i.e.reply) to the government's answer made reference to ineffective assistance in connection with the Jewell issue. *Defendant did so in the course of a scattershot presentation of allegations, without squarely alerting the court that he meant to recast his Jewell issue as an ineffective assistance claim.* Nor did the government have an opportunity to respond.

7. When referring to "the motion," the Circuit presumably was referring to the Habeas Petition.

Be that as it may, the United States and the defendant do not fundamentally disagree, because one thing is clear. *The merits of defendant's ineffective assistance claim, if any, with respect to Jewell have not been reached by any court.* For this reason, this Court may wish to remand for consideration of the ineffective assistance component of defendant's claim or it may simply leave open the possibility of another Section 2255 motion that squarely raises the claim.

Supplemental Brief at 3 (emphasis added). Although this court disagrees with the statement that "[t]he merits of defendant's ineffective assistance claim, if any, with respect to Jewell have not been reached by any court," it does agree that such claim was raised by Dietsch "in the course of a scatter-shot presentation of allegations."

Neither the 19 June 1996 Circuit Opinion nor the 25 July 1996 Circuit Opinion can be considered authorization for Dietsch to file a subsequent habeas petition. Significantly, neither opinion stated that the failure of counsel for Dietsch to object to the *Jewell* instruction raised newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Dietsch guilty. *See* 28 U.S.C. § 2255. In addition, neither the 19 June 1996 Circuit Opinion nor the 25 July 1996 Circuit Opinion stated that the failure of counsel for Dietsch to object to the *Jewell* instruction raised a new rule of constitutional law, made retroactive to the case on collateral review by the Supreme Court, that was previously unavailable. *See id.*

On 4 November 1996, the United States Supreme Court denied a petition by Dietsch for a writ of certiorari in connection with the denial of the Habeas Petition. *See id.*

*Discussion*

A. *Standard of Review for Rule 60(b) Motion*

Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") provides, in relevant part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Fed. R. Civ. Pro. 60. A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Meagan,* 638 F.2d 646, 648 (3d Cir.1981); *see Smith v. Holtz,* 879 F.Supp. 435, 438 (M.D.Pa.1995), *aff'd,* 87 F.3d 108 (3d Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 611, 136 L.Ed.2d 536 (1996). Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" *Moolenaar v. Government of the Virgin Islands,* 822 F.2d 1342, 1346 (3d Cir.1987). Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" *Harris v. Martin,* 834 F.2d 361, 364 (3d Cir.1987) (quoting *Martinez–McBean v. Government of the Virgin Islands,* 562 F.2d 908, 913 (3d Cir.1977)); *see Moolenaar,* 822 F.2d at 1346; *Wilson v. Fenton,* 684 F.2d 249, 251 (3d Cir.1982); *Mayberry v. Maroney,* 529 F.2d 332, 337 (3d Cir.1976) (Gibbons, J., concurring); *Smith,* 879 F.Supp. at 438. "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" *Moolenaar,* 822 F.2d at 1346 (citations omitted). As explained by the Circuit in *Kock v. Government of the Virgin Islands,* 811 F.2d 240 (3d Cir.1987),

Rule 60(b) must be applied '[s]ubject to the propositions that the finality of judgments

is a sound principle that should not lightly be cast aside, [and] that clause (6) is not a substitute for appeal. . . .' It is intended to be a means for accomplishing justice in extraordinary situations, and so confined, does not violate the principle of the finality of judgments.

*Id.* at 246 (citations omitted).

As mentioned, Dietsch argues in the Rule 60(b) Motion that he is entitled to relief from the 25 October 1995 Opinion because this court allegedly did not address the question of whether the failure of his trial counsel to object to the *Jewell* instruction constituted ineffective assistance of counsel. *See* Motion at 1. Dietsch also argues that this court erred by failing to grant a judgment of acquittal. *See id.* at 2.

The Judgment of Conviction was affirmed on direct appeal and again on collateral review in connection with the Habeas Petition. To the extent the Circuit found that no ineffective assistance of counsel claim "was properly before the district court" in connection with the *Jewell* issue, such failure must be attributed to Dietsch. This court could not have erred by failing to address an issue that was not properly before it. Moreover, regardless of how the ineffective assistance of counsel claim concerning the *Jewell* issue was "packaged" in connection with the Habeas Petition, the 25 October 1995 Opinion nevertheless addressed and rejected it. The 25 October 1995 Opinion stated:

> Dietsch has not satisfied his claim of ineffective assistance of counsel. Dietsch has failed to provide a reasonable probability that his counsel's alleged deficient performance deprived Dietsch of any substantive or procedural right to which he was entitled, thereby rending his trial unfair.
>
> The alleged omissions of counsel were not outside the wide range of professionally competent assistance. Accordingly, due to counsel's sound professional judgement, Dietsch is not entitled to relief for ineffec-

tive assistance of counsel. The issues raised within do not constitute a defect resulting in a complete miscarriage of justice. Dietsch is not entitled to habeas corpus relief.

25 October 1995 Opinion at 24. As mentioned previously, these statements were intended to apply to all ineffective assistance of counsel claims asserted by Dietsch in the Habeas Petition and the Traverse, including the claim that counsel for Dietsch was ineffective for failing to object to the *Jewell* instruction.

Based on the foregoing, the Rule 60(b) Motion does not raise new facts or set forth "extraordinary" circumstances or reasons why Dietsch is entitled to relief from the 25 October 1995 Opinion. In addition, none of the cases cited by Dietsch establish a new rule of law that is applicable in this Circuit. Accordingly, the Rule 60(b) Motion is denied. *See Moolenaar,* 822 F.2d at 1346.

Even if the Rule 60(b) Motion sets forth extraordinary circumstances, it is denied because it was not filed in a timely fashion in accordance with Rule 60(b).

### B. *Time for Filing a Rule 60(b) Motion*

A Rule 60(b) motion based on grounds (1)–(3) [8] set forth therein must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. Pro. 60; *Moolenaar,* 822 F.2d at 1346 n. 5 (3d Cir.1987); *Harvey v. Zimmerman,* No. 88–3895, 1992 WL 301290, at *1 (E.D.Pa. Oct.14, 1992). In this case, the order denying the Habeas Petition was entered on or about 25 October 1995. As such, if the Rule 60(b) Motion were filed under grounds (1), (2) or (3) of Rule 60(b), it would be untimely because it was filed on 12 November 1997, more than two years after the 25 October 1995 Opinion was entered. *See* Fed. R. Civ. Pro. 60(b).

■ In the Supplemental Brief,[9] Dietsch contends that the Rule 60(b) Motion seeks

---

8. Grounds (1)–(3) are:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct of an adverse party. . . .
Fed. R. Civ. Pro. 60.

9. In the Moving Brief, Dietsch did not state the basis for the Rule 60(b) Motion. Only after the issue of timeliness of the Rule 60(b) Motion was raised by the court did Dietsch assert that the

relief from the 25 October 1995 Opinion based upon ground (6) set forth in Rule 60(b), i.e., "any other reason justifying relief from the operation of the judgment." *See* Supplemental Brief at 4 (quoting Rule 60(b)(6)). A Rule 60(b) motion premised on grounds (4)–(6)[10] must be made "within a reasonable time." Fed. R. Civ. Pro. 60(b); *Moolenaar,* 822 F.2d at 1348. " 'What constitutes [a] 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.' " *Devon v. Vaughn,* No. 94–2534, 1995 WL 295431, at *2 (E.D.Pa. Apr.27, 1995) (quoting *Kagan v. Caterpillar Tractor,* 795 F.2d 601, 610 (7th Cir.1986)).

As mentioned, the Rule 60(b) Motion was filed more than two years after the 25 October 1995 Opinion was entered and more than one year after the Supreme Court denied certiorari. Significantly, the Rule 60(b) Motion does not raise any fact or applicable rule of law that did not exist or was not apparent when the Habeas Petition was initially denied and when such denial was affirmed by the Circuit on 25 July 1996.

The 25 July 1996 Circuit Opinion that affirmed the denial of the Habeas Petition suggested that the ineffective assistance of counsel claim might be pursued by Dietsch in a new Section 2255 application. Despite this suggestion, Dietsch waited more than sixteen months after that date to file the Rule 60(b) Motion.

Dietsch has offered little explanation for the long delay in filing the Rule 60(b) Motion. He asserts that the delay was due, in part, to the uncertainty whether a Rule 60(b) motion was the proper vehicle to challenge the 25 October 1995 Opinion in view of the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (the "ADEPA"). *See* Supplemental Brief at 5. Dietsch also contends the delay was based on "the gap in

attorney-client communication attributable to [Dietsch]'s imprisonment." *Id.* Neither argument justifies the significant delay in filing the Rule 60(b) Motion.

First, at least one of the cases cited by Dietsch in the Moving Brief for the proposition that a Rule 60(b) motion may be used in connection with a Section 2255 petition was decided after the AEDPA became effective and nearly seven months before the Rule 60(b) Motion was filed. *See* Moving Brief at 1. Accordingly, Dietsch was on constructive notice that a Rule 60(b) motion could be filed well before the Rule 60(b) Motion was filed on 12 November 1997.

Second, with regard to the alleged "gap" in attorney-client communication that assertedly caused the delay in filing the Rule 60(b) Motion, it is observed that the attorney who filed the Rule 60(b) Motion also filed the Habeas Petition. As such, counsel was aware, on or about 25 October 1995, that the Habeas Petition was denied. This attorney was also aware, or should have been aware, that the Circuit had left open the possibility of a second, a new, habeas petition that addressed the ineffective assistance of counsel claim. Clearly, Dietsch could have, and should have, acted well before November 1997.

Because the Rule 60(b) Motion was not filed within a "reasonable time" and there is no sufficient excuse for the delay, the Rule 60(b) Motion is denied. *See Moolenaar,* 822 F.2d at 1348 (finding Rule 60(b)(6) motion to be untimely where party waited nearly two years after judgment of district court to file motion); *Martinez–McBean,* 562 F.2d at 913 n. 7 (expressing "serious doubts" that two and one half year delay in filing Rule 60(b) motion would comply with "reasonable time" requirement of Rule 60(b)(6)); *Devon,* 1995 WL 295431, at *1–2 (finding that Rule 60(b) motion filed by pro se petitioner six months after habeas corpus petition was denied was not filed within "reasonable time").

---

Rule 60(b) Motion was, in fact, filed pursuant to Rule 60(b)(6).

**10.** Grounds (4)-(6) are:

 (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has

been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment....

Fed. R. Civ. Pro. 60.

Even if the Rule 60(b) Motion were filed within a "reasonable time" in accordance with Rule 60(b) and satisfied the substantive requirements of Rule 60(b), the Rule 60(b) Motion would be denied in accordance with the provisions of the AEDPA.

## C. Requirements of the AEDPA

As discussed, Dietsch argues in the Rule 60(b) Motion he was deprived of effective assistance of counsel when his counsel failed to object to the *Jewell* instruction. The Circuit found that this issue was not properly before this court in connection with the Habeas Petition. To the extent that this conclusion is accurate,[11] Dietsch is now raising an issue that should have been raised in the Habeas Petition. The same is true for the contention that this court erred by failing to grant a judgment of acquittal. As such, the Rule 60(b) Motion appears to be a second or successive habeas petition and will be treated accordingly.

Several circuit courts have held that a Rule 60(b)(6) motion may be treated as the functional equivalent of a successive habeas petition such that the provisions of the AEDPA apply. *See, e.g., In re Medina,* 109 F.3d 1556, 1561 (11th Cir.1997) (stating "Rule 60(b) dressing" that petitioner put on application makes no difference to analysis of issues); *Felker v. Turpin,* 101 F.3d 657, 661 (11th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 451, 136 L.Ed.2d 346 (1996); *McQueen v. Scroggy,* 99 F.3d 1302, 1335 (6th Cir.1996), *cert. denied sub nom, McQueen v. Parker,* —— U.S. ——, 117 S.Ct. 2422, 138 L.Ed.2d 185 (1997); *Hunt v. Nuth,* 57 F.3d 1327, 1339 (4th Cir.1995), *cert. denied,* 516 U.S. 1054, 116 S.Ct. 724, 133 L.Ed.2d 676 (1996). To date, the Third Circuit does not appear to

have been confronted with this issue. Nevertheless, the reasoning of the other circuits appears to be sound and will be followed.

The AEDPA amended Section 2255 to include, among other things, a one-year limitations period for filing habeas petitions. *See* 28 U.S.C. § 2255;[12] *see also Burns v. Morton,* 134 F.3d 109, 111–12 (1998); *United States v. Hatcher,* No. 94–173–1, 1997 WL 698488, at *1 (E.D.Pa. Nov.7, 1997); *Kapral v. United States,* 973 F.Supp. 495, 497 (D.N.J.1997). Section 2255 now also prohibits second or successive habeas petitions absent authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2255.

### 1. Time Limits

Prior to the AEDPA becoming effective on 24 April 1996,[13] federal prisoners were given virtually unlimited time in which to file a habeas petition after their conviction became final. *See United States v. Benson,* No. 97–4783, 1998 WL 23168, at *1 (E.D.Pa. Jan.6, 1998); *Hatcher,* 1997 WL 698488, at *1. With the enactment of the AEDPA, however, federal prisoners must file their habeas petitions within one year from the latest of one of the following events:

(1) *the date on which the judgment of conviction becomes final;*

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recog-

---

**11.** As mentioned previously, this claim was rejected in the 25 October 1995 Opinion. *See* 25 October 1995 Opinion at 24.

**12.** Section 2255 provides in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

move the court which imposed the sentence to vacate, set aside or correct the sentence.
28 U.S.C. § 2255.

**13.** The AEDPA does not contain an express effective date. As such, courts have held that the effective date is 24 April 1996, the day the President signed the bill into law. *See Burns,* 134 F.3d at 111; *United States v. Simmonds,* 111 F.3d 737, 745 n. 10 (10th Cir.1997) (citing *Gozlon–Peretz v. United States,* 498 U.S. 395, 404, 111 S.Ct. 840, 846, 112 L.Ed.2d 919 (1991); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996)); *Turner v. Keller,* 994 F.Supp. 631, 632 (W.D.Pa.1998); *Kapral,* 973 F.Supp. at 497,

nized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. . . .

28 U.S.C. § 2255 (emphasis added); *Hatcher,* 1997 WL 698488, at *1. The limitations period in the AEDPA has been interpreted as a statute of limitations, rather than a limit on the subject matter jurisdiction of the district courts, and therefore it is subject to tolling and waiver. *See United States v. Gould,* No. 97–3090, 1997 WL 535821, at *3 (E.D.Pa. July 29, 1997) (citing *Calderon v. United States Dist. Ct.,* 112 F.3d 386 (9th Cir.1997)). The limitations period should be tolled, however, only if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time.' " *Calderon v. United States Dist. Ct.,* 128 F.3d 1283, 1288 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998). No such circumstances exist in this case.

Because of concerns about the retroactive effect of the AEDPA, the Third Circuit has stated that, petitions filed on or before 23 April 1997, may not be dismissed for failure to comply with the one-year limitations period of Section 2255. *See Burns,* 134 F.3d at 111–12 (stating federal and state prisoners are entitled to one full year notice of limitation period of AEDPA). Petitions filed after 23 April 1997, however, must comply with the one-year limitations period. *See Turner,* 994 F.Supp. 631, 633; *Hatcher,* 1997 WL 698488, at *2; *Kapral,* 973 F.Supp. at 497.

In this case, the Rule 60(b) Motion was initially filed on 12 November 1997. Dietsch was required to file the Rule 60(b) Motion within the one-year limitations period set forth in Section 2255. The Rule 60(b) Motion does not allege that the Government prevented Dietsch from filing the Rule 60(b) Motion at an earlier date or that the Supreme Court recognized a new right that is retroactively applicable to this case or that new facts were discovered since the entry of the Judgment of Conviction. *See* 28 U.S.C. § 2255. An independent review of the Rule 60(b) Motion does not reveal that any of these circumstances are present in this case.

The Rule 60(b) Motion meets none of the criteria for extending the period during which Dietsch could file a petition pursuant to Section 2255. *See United States v. Smith,* 966 F.Supp. 408, 409 (E.D.Va.1997). The one-year limitations period runs from "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255; *see Kapral,* 973 F.Supp. at 497. Because of additional concerns about the retroactive effect of the AEDPA, the Circuit has stated that, prisoners whose convictions became "final" prior to 23 April 1996, had until 24 April 1997 to file their petitions. *See United States v. Urrutia,* No. 97–7051, 1997 WL 628217 (3d Cir. Sept.18, 1997); *Benson,* 1998 WL 23168, at *2; *Hatcher,* 1997 WL 698488, at *2. Prisoners whose convictions became "final" after 23 April 1996, must file their petitions within one year of the convictions becoming "final." *See* 28 U.S.C. § 2255.

Section 2255 does not define when a judgment of conviction becomes "final." *See* 28 U.S.C. § 2255; *see Kapral,* 973 F.Supp. at 497; *United States v. Dorsey,* 988 F.Supp. 917, 918 (D.Md.1998). Courts have identified several possible dates on which a judgment of conviction could be deemed "final" for purposes of Section 2255. These dates include: (1) the date on which the trial court enters a judgment and sentence, (2) the date after which the petitioner could no longer file an appeal with the circuit court, if no appeal was filed, (3) the date of the decision of the circuit court, if an appeal was filed and (4) the date after which the petitioner could no longer petition the Supreme Court for a writ of certiorari. *See Kapral,* 973 F.Supp. at 497 (citing *Clarke v. United States,* 955 F.Supp. 593, 595 (E.D.Va.1997); *United States v. Bazemore,* 929 F.Supp. 1567, 1569 (S.D.Ga. 1996)).

In this circuit, several district courts have held that a judgment of conviction becomes "final" either at the close of the appeal period following sentencing or on the date that the Circuit renders a decision on a petitioner's judgment of conviction. *See Benson,* 1998 WL 23168, at *1; *Kapral,* 973 F.Supp. at 497; *United States v. Vancol,* 972 F.Supp. 833, 834 (D.Del.1997); *United States v. Rienzi,* Nos. 92–33–1, 96–4829, 1996 WL 605130,

at \*1 n. 7 (E.D.Pa. Oct.21, 1996) ("we assume ... that the judgment here became final when our Court of Appeals rejected plaintiff's direct appeal. ..."); *Nixon v. United States,* No. 96–5048, 1996 WL 539786, at \*1 (E.D.Pa. Sept.17, 1996) (assuming judgment became final when circuit court issued its mandate affirming conviction where petitioner did not petition Supreme Court for writ of certiorari). Other courts have held that a judgment of conviction becomes "final" when the petitioner could no longer seek direct review by the Supreme Court. *See United States v. Simmonds,* 111 F.3d 737, 744 (10th Cir.1997) ("conviction became 'final' after the Supreme Court denied certiorari. ..."); *Calderon,* 128 F.3d at 1286 (stating conviction became final on date process of direct review came to end); *Dorsey,* 988 F.Supp. 917, 918–19 (stating conviction becomes final on date petitioner can no longer pursue direct appeal); *Clarke,* 955 F.Supp. at 595 ("For the sake of this motion only, this Court will assume ... the [final] date [as that] on which petitioner could no longer seek direct review by the Supreme Court.").

The question of when the Judgment of Conviction became "final" need not be decided in this case because, under any of the possible approaches mentioned, the Rule 60(b) Motion is untimely. *See Calderon,* 128 F.3d at 1286 n. 2 (assuming period of limitation began to run on date petition for certiorari was denied only because precise date did not affect outcome of case). As discussed, the Judgment of Conviction was entered on 24 February 1993. On 21 December 1993, the Third Circuit affirmed the Judgment of Conviction. The last day on which Dietsch could have filed a petition for certiorari in connection with the Judgment of Conviction was 21 March 1994.[14] Because the Judgment of Conviction became "final," at the very latest, on 21 March 1994, Dietsch had until 24 April 1997 to file the Rule 60(b)

Motion.[15] The Rule 60(b) Motion was filed more than six months after that date; the Rule 60(b) Motion was not filed in a timely fashion and must be denied in accordance with Section 2255. *See* 28 U.S.C. § 2255; *see also Turner,* 994 F.Supp. 631, 633 (finding petition signed on 13 May 1997 to be untimely where conviction and sentence were affirmed on 5 February 1990); *Hatcher,* 1997 WL 698488, \*2 (finding petition filed on 10 June 1997 to be untimely where conviction and sentence were affirmed on 2 November 1995); *Collison v. United States,* No. 97–3026, 1997 WL 602777, at \*2 (E.D.Pa. Sept.22, 1997) (finding petition filed on 28 April 1997 to be untimely where conviction and sentence became final on 24 May 1993); *Kapral,* 973 F.Supp. at 497 (finding petition filed on 29 April 1997 to be untimely where conviction and sentence were affirmed on 6 February 1996).

### 2. *Successive Petitions*

Section 2255 also provides, in pertinent part:

*A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—*

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (emphasis added).

Section 2244 provides, in relevant part:

(3)(A) Before a second or successive application permitted by this section is filed

---

14. Rule 13 of the Rules of the Supreme Court of the United States provides, in relevant part:

 1. Unless otherwise provided by law, *a petition for a writ of certiorari* to review a judgment in any case, civil or criminal, entered by a ... United States court of appeals ... *is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.*

Sup.Ct. R. 13 (emphasis added).

15. As mentioned previously, because of concerns about the retroactive effect of the AEDPA, the Circuit has stated that, prisoners whose convictions became "final" prior to 23 April 1996, had until 24 April 1997 to file their petitions. *See Urrutia,* No. 97–7051, 1997 WL 628217; *Benson,* 1998 WL 23168, at \*2; *Hatcher,* 1997 WL 698488, at \*2.

in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

\* \* \* \* \* \*

(4) *A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.*

28 U.S.C. § 2244 (emphasis added).

Dietsch failed to receive authorization from the Circuit to file the Rule 60(b) Motion. As mentioned previously, Dietsch did not, and cannot now, contend that the Rule 60(b) Motion is a continuation of the Habeas Petition. *See supra,* note 2. Furthermore, the statement by the Circuit in the 25 July 1996 Circuit Opinion that "[n]o ineffective assistance of counsel claim was properly before the district court" cannot be considered a de facto authorization for Dietsch to file a subsequent petition because the Circuit also stated:

We express no view as to whether such a claim may now be pursued in a *new* § 2255 application.

25 July 1996 Circuit Opinion (emphasis added). Moreover, the 25 July 1996 Circuit Opinion did not certify, as required by Section 2255, that a subsequent petition by Dietsch which raised the issues that are presently before this court would present (1) newly discovered evidence that would be sufficient to establish that no reasonable factfinder would have found Dietsch guilty or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255. Accordingly, the Rule 60(b) Motion is denied on the ground that it is an unauthorized second or subsequent petition. *See* 28 U.S.C. § 2244; *see In re Dorsainvil,* 119 F.3d 245, 247 (3d Cir.1997); *Christy v. Horn,* 115 F.3d 201, 208 (3d Cir.1997); *United States v. Black,* No. 92–538–1, 1997 WL 703182, \*1 (E.D.Pa. Nov. 10, 1997).

Because the Rule 60(b) Motion was not filed in a timely fashion in accordance with either Rule 60(b) or Section 2255, fails to articulate sufficient grounds for relief under Rule 60(b), and fails to have been certified by the Circuit in accordance with Section 2244, the Rule 60(b) Motion is denied and the merits of it need not be addressed.

*Conclusion*

For the reasons discussed, the Rule 60(b) Motion is denied.