958 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael W. SLOAN, Petitioner-Appellant,
v.
Clarence L. JACKSON; Members, Virginia parole board,
Respondents-Appellees.
 No. 91-6675.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1992.
Decided March 12, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-91-626-A-R)
 Michael W. Sloan, appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael W. Sloan appeals from the district court's dismissal without prejudice of his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254 (1988). We vacate the district court's order and remand.
 
 
 2
 The district court sent Sloan notice on August 26, 1991, that a five dollar filing fee had been assessed. The notice specified that the failure within eleven days either to pay the fee or file an explanation of why the fee should not be assessed would result in dismissal. Under Federal Rule of Civil Procedure 6(e), three days are added onto the eleven day period specified in the notice. Fourteen days from August 26, 1991, is September 9, 1991. Moreover, because the notice specified eleven days from receipt, Sloan would be entitled to additional time if he showed that he did not receive the notice within three days of August 26.
 
 
 3
 The district court received a letter from Sloan dated September 9, 1991, objecting to the assessment of the filing fee. Because prisoners' legal papers are deemed filed upon delivery to the prison authorities for mailing, see Houston v. Lack, 487 U.S. 266, 276 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735-36 (4th Cir.1991), the date on the letter suggests that Sloan's explanation was timely filed within the September 9, 1991 deadline. Because the basis for the district court's dismissal was the failure to comply with the initial court order assessing a filing fee, it follows that the district court may have erred.
 
 
 4
 Nevertheless, the record is not conclusive. Accordingly, we grant leave to proceed in forma pauperis, grant a certificate of probable cause to appeal, vacate the dismissal of Sloan's petition, and remand with instructions to resolve whether Sloan's objection to the fee assessment was timely filed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.