**UNITED STATES of America, Plaintiff,**

v.

**Eric GRIFFIN, Defendant.**

**No. 91–CR–290 (96–C–643).**

United States District Court,
E.D. Wisconsin.

June 10, 1996.

No appearance for Plaintiff.

Eric Griffin, Terre Haute, IN, Pro Se.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

On May 31, 1994, the pro se petitioner, Eric Griffin, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" along with a supporting brief. The motion challenges the sentence imposed on him by then district judge Terence T. Evans on February 13, 1992, in connection with his conviction for armed bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a) and (d), and carrying a firearm during a crime of violence in viola-

tion of 18 U.S.C. § 924(c). Mr. Griffin is presently serving a 144–month sentence for the armed bank robbery offense and a 60–month consecutive sentence for the firearm offense.

Because Judge Evans was recently elevated to the court of appeals for the seventh circuit, this case was re-assigned to me for the purpose of resolving Mr. Griffin's current motion under 28 U.S.C. § 2255. Rule 4, Rules Governing Section 2255 Proceedings, calls upon the court to dismiss the motion summarily if "it plainly appears from the face of the motion that the movant is not entitled to relief in the district courts...."

In his submissions, Mr. Griffin challenges his conviction on three grounds: (1) that the prosecution did not satisfy its burden to prove the essential elements of the offense under 18 U.S.C. § 2113(d); (2) that the prosecution did not satisfy its burden to prove the essential elements of the offense under 18 U.S.C. § 924(c); and (3) that he was denied the effective assistance of counsel.

A review of Mr. Griffin's motion reveals that he filed a direct appeal of his conviction. The court of appeals for the seventh circuit rejected the arguments raised by Mr. Griffin on his direct appeal and affirmed his conviction. *United States v. Ernest Frank Clark and Eric Griffin,* 989 F.2d 1490 (7th Cir. 1993).

Mr. Griffin filed a previous motion under 28 U.S.C. § 2255 on August 25, 1994. In that motion, Mr. Griffin argued that his sentence was unconstitutional for three reasons: (1) the trial judge failed to instruct the jury on aiding and abetting; (2) the trial judge failed to instruct the jury on the theory of his defense; and (3) he was denied the effective assistance of counsel. That motion was dismissed by Judge Evans on August 29, 1994. *United States v. Griffin,* Case No. 94–C–944 (E.D.Wis. August 29, 1994).

Recently enacted legislation has amended 28 U.S.C. § 2255 by adding a provision requiring that a second or successive motion filed by a federal prisoner can only be entertained by a district court where a panel of the appropriate court of appeals has certified that the motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Title I, sec. 105 (1996) ["the Act"].

Mr. Griffin has made no showing that the court of appeals for the seventh circuit has certified his motion as required under § 105 of the Act. Accordingly, it appears that Mr. Griffin is not entitled to relief in this court.

Therefore, IT IS ORDERED that Mr. Griffin's current "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody" be and hereby is denied.

IT IS ALSO ORDERED that this action (Case No. 96–C–643) be and hereby is dismissed, without prejudice, pursuant to Rule 4, Rules Governing Section 2255 Proceedings in the United States District Courts.