**UNITED STATES of America**

v.

**Levon BAZEMORE.**

**Crim. No. 491–176.**

United States District Court,
S.D. Georgia,
Savannah Division.

July 1, 1996.

---

Joseph D. Newman, Savannah, GA, for U.S.

Bobby Phillips, David Roberson (court appointed), Savannah, GA, for Levon Bazemore.

## ORDER

EDENFIELD, Chief Judge.

### I. BACKGROUND

Pursuant to 28 U.S.C. § 1915, Levon Bazemore moves this Court for leave to proceed *in forma pauperis* on his 28 U.S.C. § 2255 motion to vacate or set aside his conviction and sentence. Bazemore, a former member of the infamous "Ricky Jivens" gang, was convicted and sentenced in 1992. He unsuccessfully appealed, *U.S. v. Bazemore,* 41 F.3d 1431, 1432–33 (11th Cir.1994), *cert. denied,* ─── U.S. ───, 116 S.Ct. 204, 133 L.Ed.2d 137 (1995); *see also U.S. v. Newton,* 44 F.3d 913 (11th Cir.), *cert. denied,* ─── U.S. ───, 116 S.Ct. 204, 133 L.Ed.2d 137 (1995), and this Court denied his F.R.Cr.P. 33, new trial motion on 10/4/94, as well as his sentence-reduction motion on 1/17/96. This is Bazemore's first § 2255 motion, which he filed on 6/20/96.

### II. ANALYSIS

#### A. Filing Fee

No filing fee is required for § 2255 motions. *See* Rules Governing Section 2255 Proceedings In The United States District Court, Rule 3, 1976 Committee Notes ("There is no filing fee required of a movant under these rules"); *compare* Rules Governing Section 2254 Cases In The United States District Court, Rule 3 ("filing fee").

In addition, the Court has located no provision of the 1995 Prison Litigation Reform Act, P.L. 104–134 (110 Stat. 1321 *et. seq.*) § 804 (amending 28 U.S.C. § 1915), *see White v. Gregory,* 87 F.3d 429 (10th Cir. 1996), or the 1996 Antiterrorism and Effective Death Penalty Act, P.L. 104–132 (110 Stat. 1214, *et. seq.*) § 105 (§ 2255 amendments), imposing any filing fee for a § 2255 motion.

In contrast to a § 2254 proceeding, a § 2255 motion is just that: a *motion* in a pre-existing criminal case, not a new, civil

action.[1] Accordingly, Bazemore's motion for leave to file his § 2255 motion *in forma pauperis* under 28 U.S.C. § 1915 must be denied as moot. His § 2255 motion, for that matter, is already filed, and therefore shall be addressed here.

### B. Statute of Limitations For § 2255 Motions

Rule 4(b) of the Rules Governing Section 2255 Proceedings authorizes the Court to summarily dismiss Bazemore's motion if "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court...." *See, e.g., U.S. v. Griffin*, 927 F.Supp. 1167 (E.D.Wis.1996) (applying both Rule 4(b) and 1996 amendment to 28 U.S.C. § 2255 to bar a successive § 2255 motion).

■ Under § 2255, as amended by the Antiterrorism Act, P.L. 104–132 (110 Stat. 1214), § 105(2) (effective Apr. 24, 1996),[2] "[a] 1–year period of limitation shall apply to a [§ 2255 motion]. The limitation period shall run from the latest of— (1) the date on which the judgment of conviction becomes final...." Section 105(2) does not define when a "judgment of conviction becomes final" (*i.e.*, is it from the date the judgment

and sentence is entered or the date upon which any direct appeal becomes final?).

In contrast to § 105(2), § 101(d)(1)(A) of the Act states that a judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." *See Singh v. Kuhlmann*, 1996 WL 337283 *5 (S.D.N.Y. Jun. 19, 1996) (unpublished) (noting untimeliness under § 101(d)(1)(A), were it retroactively applied to Singh's case, but dismissing his petition on the merits in any event). Section 101, incidentally, amended 28 U.S.C. § 2244 by adding new subsection (d)(1), and it addresses habeas corpus proceedings challenging state-court convictions: "A 1–year statute of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[3]

■ While § 101 defines when a judgment becomes final (*i.e.* "by the conclusion of direct review or the expiration of the time for seeking such review"), § 105(2), in contrast, contains no such elaboration. Nor does the Act's legislative history. Under a literal construction of § 105(2), § 2255 relief would be time-barred where a defendant has abstained from filing a § 2255 motion in order to first exhaust a pending direct appeal[4] which itself has taken more than one year to resolve.

■ It is not necessary to resolve whether § 105(2)'s one-year limitation period com-

1. Liebman & Hertz, 2 Fed.Habeas Corpus Prac. & Proc. § 41.2a at 1183; Rule 1, § 2255 Rules (1976 Advisory Committee Notes) ("§ 2255 is a further step in the movant's criminal case rather than a separate civil action...."). This Court's previous practice of docketing § 2255 motions with a civil action filing number has, except for internal docket numbering for statistical purposes, been abandoned.

2. Congress embedded within the Act a variety of effective dates. *E.g.*, P.L. 104–132 § 211; § 903(C)(c). Where Congress has not spoken on a particular section's effective date, it takes effect on the date of the Act's enactment. *Gozlon–Peretz v. U.S.*, 498 U.S. 395, 404, 111 S.Ct. 840, 846, 112 L.Ed.2d 919, 930 (1991). It thus was enacted when President Clinton signed the Act into law on April 24, 1996, P.L. 104–132, 110 Stat. 1214.

3. A related portion of the Act (to be codified as 28 U.S.C. § 2244(b)(3)(E)) concerning review of successive petitions survived a constitutional

challenge in *Felker v. Turpin*, — U.S. —, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

4. In practice, a § 2255 motion is not filed until a direct appeal is first exhausted. *See* Liebman & Hertz, 2 Fed.Habeas Corpus Prac. & Proc. § 41.4a at 1197 ("The federal courts have essentially engrafted an exhaustion of appellate remedies requirement onto section 2255....").

Although a defendant theoretically can forego his direct appeal in favor of a § 2255 motion, *Sosa v. U.S.*, 550 F.2d 244, 246 (5th Cir.1977), nevertheless, defendants are routinely instructed not to use § 2255 as a surrogate for a direct appeal. *See, e.g., McCleese v. U.S.*, 75 F.3d 1174, 1177 (7th Cir.1996) ("A § 2255 motion is 'neither a recapitulation of *nor a substitute* for a direct appeal'") (emphasis added) (quoting *Belford v. U.S.*, 975 F.2d 310, 313 (7th Cir.1992)). Indeed, waiving direct appeal can bar issues in a § 2255 proceeding. *See, e.g., Mills v. U.S.*, 36 F.3d 1052, 1055–56 (11th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995).

mences from the date of this Court's 6/22/92 entry of judgment, or the date upon which the judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review," § 101(d)(1)(A) (and thus, whether § 105(2) should be "informed" by § 101(d)(1)(A)),[5] because the Eleventh Circuit's mandate was made the judgment of this Court on 5/1/95, and that court's certification of the U.S. Supreme Court's denial of certiorari was filed on 5/2/95. Under § 105(2), then, "the date on which the judgment of conviction bec[ame] final" was, at the latest, 5/2/95, more than one year prior to Bazemore's 6/20/96 § 2255 motion. Bazemore's § 2255 motion therefore is time-barred.

### III. CONCLUSION

Accordingly, Bazemore's 6/20/96 28 U.S.C. § 1915 motion is **DENIED** as moot. His 6/20/96 "Motion For Leave To Exceed Page Limits" is **GRANTED,** but his 6/20/96, 28 U.S.C. § 2255 motion is **DENIED** on the merits. As mentioned above, Bazemore previously moved, unsuccessfully, to reduce his sentence. *See* 1/17/96 Order. His 1/31/96 "Motion To Deem Bazemore's Response To Government's Response [to Bazemore's Motion To Reduce Sentence] As [A] Motion For Reconsideration" is **DENIED.**

**SO ORDERED.**

---

**5.** *See United Sav. Ass'n v. Timbers of Inwood Forest,* 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988) ("A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme—because the same terminology is used elsewhere in a context that makes its meaning clear .... or because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law...."); *U.S. v. Phipps,* 81 F.3d 1056, 1060 (11th Cir.1996) ("courts should refrain from construing statutory provision in way that renders meaningless another provision within same statute"); *Hughey v. JMS Dev. Corp.,* 78 F.3d 1523, 1529 (11th Cir.1996) (Congress is presumed not to have intended absurd results, and courts will not foolishly bind themselves to the plain language of the statute where doing so would compel an odd result).