**UNITED STATES**

v.

**Charles DORSEY.**

**CIVIL NO. L–97–3455.**

**CRIMINAL NO. L–93–0228.**

United States District Court,
D. Maryland.

Jan. 6, 1998.

Thomas M. DiBiagio, Assistant United States Attorney, Baltimore, MD, for U.S.

Charles Dorsey, Lompoc, CA, pro se.

*MEMORANDUM*

LEGG, District Judge.

This Court must decide certain timing issues regarding filing for collateral relief pursuant to 28 U.S.C. § 2255 (1997) (" § 2255" or "2255 motion"). After a jury trial, petitioner Charles Dorsey stood convicted of: (i) conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841; and (ii) distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This Court imposed sentence on February 9, 1995. The Fourth Circuit affirmed on May 6, 1996. *United States v. Grover*, Nos. 94–5903, 94–5937, 95–5096, 1996 WL 226262 (4th Cir. May 6, 1996). Dorsey petitioned for certiorari; the Supreme Court denied certiorari on October 7, 1996. *Dorsey v. United States*, —— U.S. ——, 117 S.Ct. 235, 136 L.Ed.2d 165 (1996).

Now a prisoner at the United States Penitentiary in Lompoc, California, and acting *pro se,* Dorsey deposited the instant 2255 motion in the prison mailbox on October 7, 1997. The Clerk of this Court received the motion on October 14, 1997. This Court ordered the government to respond.

In response, the government filed a one-page opposition to Dorsey's motion. Its sole stated grounds in opposition is that Dorsey filed beyond the one-year limitation of § 2255. It appears from this submission that the government considers May 6, 1996, the date on which the Fourth Circuit af-

firmed Dorsey's conviction, to be "the date on which the judgment of conviction [became] final." *See* § 2255.

In reply, Dorsey contends that his filing was timely. First, he asserts that the proper "date on which the judgment of conviction [became] final," in this case was October 7, 1996, the date on which the Supreme Court denied certiorari. Second, he asserts that by depositing his papers in the prison mailbox on October 7, 1997, he timely filed under a "mailbox rule" of filing.

This Court must therefore decide two questions:

(i) what is the proper "date on which the judgment of conviction becomes final" for purposes of § 2255; and

(ii) even if the proper date in this case is the denial of certiorari, did Dorsey timely file by reliance on the "mailbox rule"?

As the following discussion explains, the Court resolves both of these issues in Dorsey's favor and shall, by separate Order, direct the government to respond to the merits of Dorsey's claims.

## I. Final Judgment Under § 2255

■ Section 2255 states that petitioners for collateral relief have one year from "the date on which the judgment of conviction becomes final" to file a motion under that statute. 28 U.S.C. § 2255 (1997), *as amended by* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, tit. I, § 105(2), 110 Stat. 1220 (Apr. 24, 1996).[1]

Neither the AEDPA nor § 2255 defines when a judgment becomes 'final' in this context. Moreover, the AEDPA defined finality for motions attacking state court convictions under § 2254 by amending § 2244, but the Act did not define finality for motions attacking federal convictions under § 2255. *Com-*

*pare* AEDPA § 101(d)(1)(A), 110 Stat. 1217 (amending § 2244 by providing, for motions attacking state court convictions, that a judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review") *with* AEDPA § 105(2) (providing no such definition for § 2255). *See also United States v. Bazemore,* 929 F.Supp. 1567, 1569 (S.D.Ga.1996) (noting this discrepancy). The legislative history of the Act provides no further guidance. *See* H.R.Conf.Rep. No. 104–518, at 111 (1996) (stating only that the AEDPA "sets a one year limitation on an application for a habeas writ"), *reprinted in* 1996 U.S.C.C.A.N. 944, 944.

There appears to be a growing consensus in the case law that a conviction becomes "final," for purposes of § 2255, on the date when the petitioner could no longer seek direct review. *See, e.g., United States v. Simmonds,* 111 F.3d 737, 744 (10th Cir.1997) (deciding that the conviction became final after the Supreme Court denied certiorari); *Clarke v. United States,* 955 F.Supp. 593, 594 (E.D.Va.1997) (deciding "[f]or the sake of this motion only" that conviction became final on the "latest possible date," i.e., the date on which the petitioner could no longer petition for certiorari); *Bazemore,* 929 F.Supp. at 1569–70 (assuming, without deciding, that conviction became final upon the expiration of time for seeking direct review from Supreme Court).[2]

The consensus opinion on this issue comports with prior federal law on the timing of 2255 motions. Although the language of § 2255 itself does not obligate a petitioner to complete any direct review before filing a 2255 motion, the courts have created such a requirement in the interests of efficient administration of justice. As the Advisory Committee Notes to Rule 5 of the Rules Governing Section 2255 Proceedings for the

---

1. The statute also gives three other dates from which a petitioner may have one year to file, none of which are at issue in this case.

2. *But see Kapral v. United States,* 973 F.Supp. 495, 496 (D.N.J.1997) (noting the *Simmonds, Clarke,* and *Bazemore* decisions, among others, but deciding "the date of the appeals court's

decision constitutes the date on which the judgment of conviction becomes final"); *cf. Calderon v. United States District Court,* 112 F.3d 386, 389 n. 2 (9th Cir.1997) (noting that finality in federal court technically occurs upon return of case to district court and spread of mandate following appeal).

United States District Courts (1997) ("Rules") observe:

> There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.
>
> We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.

Rule 5 advisory committee notes (citations omitted); *see also Bazemore,* 929 F.Supp. at 1569 n. 4 (observing the same presumed requirement); Hon. Charles R. Richey, *Prisoner Litigation in the United States Courts* at 128–29 & n. 484 (1995) ("A petitioner must ordinarily complete a pending direct appeal prior to obtaining § 2255 relief."). This requirement avoids redundancy of effort between direct appeal and collateral attack. It would therefore make little sense to require a petitioner to file the 2255 motion prior to the completion of any direct appeal.[3]

In the absence of any direct guidance from Congress, the consensus view has extended the prior case law on § 2255, which held that a conviction is not "final" for the purposes of the statute until a petitioner has completed any direct appeal. The absence of specific language regarding "finality" in the amended § 2255 suggests that Congress did not wish to disturb this line of authority, which essentially resolved a matter of judicial administration.

Accordingly, this Court concludes that a judgment of conviction becomes "final," for purposes of a 2255 motion, on the date that a petitioner can no longer pursue direct appeal.

Under the amended § 2255, a petitioner has one year from that date to file a motion.

■ In this case, this means that Dorsey had one year from October 7, 1996, the date on which the Supreme Court denied certiorari, in which to file his 2255 motion. Dorsey deposited his 2255 motion in the prison mailbox on October 7, 1997, but the Clerk of this Court did not receive the motion until one week later. The issue therefore remains whether Dorsey timely filed by depositing his 2255 motion in the prison mailbox on October 7, 1997.

## II. The "Mailbox Rule" under § 2255

■ Dorsey cites to two cases for the proposition that the date a prisoner deposits papers in the prison mailbox should constitute the date of filing, the so-called "mailbox rule." *See Houston v. Lack,* 487 U.S. 266, 270–76, 108 S.Ct. 2379, 2381–85, 101 L.Ed.2d 245 (1988) (holding that a *pro se* prisoner's notice of appeal of 2254 motion was "filed," for purposes of Federal Rules of Appellate Procedure 3(a) and 4(a)(1), when prisoner delivered papers to prison authorities); *Lewis v. Richmond City Police Dep't,* 947 F.2d 733, 734–35 (4th Cir.1991) (extending the rationale of *Houston* to apply to filings in 42 U.S.C. § 1983 cases in district court under Federal Rules of Civil Procedure 3 and 5(e)).

Although some courts in other Circuits have been less generous in extending the application of the *Houston* "mailbox rule," *see, e.g., Burns v. Morton,* 970 F.Supp. 373, 375 (D.N.J.1997) (declining to extend "mailbox rule" to 2254 motion), the Fourth Circuit has consistently applied the "mailbox rule" to its cases involving *pro se* prisoner litigation, *see, e.g., United States v. Williams,* No. 96–6878, 1997 WL 20120 at *1 (4th Cir. Jan.15, 1997) (remanding for district court determination whether 2255 motion timely filed un-

---

**3.** It makes still less sense to suggest that a judgment of conviction is "final" for purposes of § 2255 upon completion of direct appeal of right, rather than the conclusion of any petition to the Supreme Court, simply because it is unlikely that the Supreme Court will grant certiorari. If a petitioner should await final disposition of direct appeal before petitioning for collateral relief, that final disposition should logically be when no further avenues for direct appeal exist, not when

it becomes increasingly unlikely that such direct appeal will continue. *Compare Feldman v. Henman,* 815 F.2d 1318, 1320–21 (9th Cir.1987) (explaining that it is ordinarily inappropriate to consider motion for collateral relief prior to disposition of petition for certiorari to Supreme Court on direct appeal) *with Kapral,* 973 F.Supp. at 498 & n. 6 (observing the statistical rarity that the Supreme Court will grant certiorari).

der *Houston* ); *Sloan v. Jackson,* No. 91–6675, 1992 WL 45964 at *1 (4th Cir. March 12, 1992) (applying the "mailbox rule" to deadline under § 2254).[4] On the whole, the reasoning in *Houston* and *Lewis* applies equally to § 2255 as the AEDPA has amended it. As the Fourth Circuit explained in *Lewis:*

> Fundamentally, the rule in *Houston* is a rule of equal treatment; it seeks to ensure that imprisoned litigants are not disadvantaged by delays which other litigants might readily overcome. It sets forth a bright line rule—that filing occurs when the petitioner delivers his pleading to prison authorities for forwarding to the court clerk.
>
> .    .    .    .    .
>
> ... The length of the time restriction involved is irrelevant. Limitations periods themselves make no distinction between those who file early and those who file late. The *Houston* rule merely serves to create functionally equivalent time bars and provide equal access to the courts for pro se prisoner litigants.

*Lewis,* 947 F.2d at 735–36. This Court finds this analysis to control the present situation as well.

Accordingly, this Court treats Dorsey's motion as filed when it was delivered to prison authorities for forwarding by depositing it in the prison mailbox. In this case, that means that Dorsey timely filed by depositing his 2255 motion in the prison mailbox on October 7, 1997, exactly one year after the Supreme Court denied certiorari.

### III. Merits of Dorsey's 2255 Motion

In its opposition, the government relied exclusively on its limitations defense and did not address Dorsey's substantive claims on the merits. Accordingly, this Court will reserve judgment on Dorsey's motion and will direct the government to respond to the merits of Dorsey's claims within 30 days.

4. Other courts are in accord with this position. *See, e.g., In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (deeming 2244(b)(3) motion to file second 2255 motion filed on the date the motion is given to prison authorities for mailing); *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997) (noting

### IV. Conclusion

For the reasons described above, the Court shall, by separate Order, direct the government to respond to the merits of Dorsey's claims within 30 days.

that timeliness of 2254 motion measured from date papers handed to prison authorities for mailing); *Hughes v. Irvin,* 967 F.Supp. 775, 778 (E.D.N.Y.1997) (applying *Houston* directly to filing of 2254 motion).