**Lee Ronald STEVENSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 1:06CV92. Criminal Action No. 1:03CR46.**

United States District Court, N.D. West Virginia.

Jan. 16, 2009.

---

Lee Ronald Stevenson, Coldwater, MI, pro se.

Robert H. McWilliams, Jr., U.S. Attorney's Office, Wheeling, WV, for Respondent.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

FREDERICK P. STAMP, JR., District Judge.

### I. *Procedural History*

*Pro se*[1] petitioner Lee Ronald Stevenson filed a motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.

The government filed a response to this petition to which the petitioner replied.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied because the petitioner is procedurally barred from raising Issues 1, 2(a), 5, and 7 on collateral review, and he procedurally defaulted on Issues 2(b), 3, 4, 5, and 6.[2] The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner filed timely objections to the report and recommendation. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2255 motion to vacate, set aside or correct sentence should be denied and dismissed.

### II. *Facts*

On December 9, 2003, the petitioner was convicted by a jury trial in the Northern District of West Virginia with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(2), 922(g)(3), and 924(a)(1)(d). On March 17, 2004, the petitioner was sentenced to 84 months imprisonment, of which 48 months were to be

---

1. *"Pro se"* describes a person who represents himself in a court proceeding without the assistance of a lawyer. *Black's Law Dictionary* 1237 (7th ed. 1999).

2. The magistrate judge issued his original report and recommendation on July 12, 2007, followed by a corrected report and recommendation on July 17, 2007, 2007 WL 2110324. Thereafter, on July 18, 2007, 2007 WL 2110322, the magistrate judge entered an order vacating both the original and the corrected report and recommendation because they contained inaccurate information regarding the petitioner's filing of a writ of certiorari to the Supreme Court of the United States. This Court reviews the magistrate judge's final report and recommendation entered on December 3, 2007, which contains the accurate procedural history of this case.

served consecutively to the petitioner's state sentence.

### III. *Applicable Law*

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." *See Webb v. Califano*, 468 F.Supp. 825 (E.D.Cal.1979). Because the petitioner has filed objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made.

### IV. *Discussion*

#### A. *The Petition*

The petitioner contends in his § 2255 petition the following issues:

(a) *Issue 1:* The petitioner alleges that the search of his apartment and subsequent seizure of firearms violated his Fourth Amendment rights against unreasonable searches and seizures. The petitioner also alleges that Sergeant Parks committed perjury at trial and requests an evidentiary hearing to establish this fact.

(b) *Issue 2:* The petitioner alleges that his sentence in this case is unlawful because the sentencing judge relied on two unlawful prior state convictions from Michigan to enhance the petitioner's sentence.[3] Also, the petitioner alleges that counsel was ineffective for failing to notify the trial court of the state defender's assurance that there would be no further investigation of the petitioner's West Virginia crimes if he was extradited back to Michigan.[4]

(c) *Issue 3:* The petitioner alleges that he was prejudiced when the trial court unconstitutionally permitted the government to alter the language of the jury instructions post-trial, and that his counsel was ineffective for failing to raise this issue on direct appeal.

(d) *Issue 4:* The petitioner alleges that he was prejudiced when the government showed a witness a gun without having the witness pick it from a "line-up," and that his counsel was ineffective for failing to raise this issue on direct appeal.

(e) *Issue 5:* The petitioner alleges that facts and convictions included in the presentence report were erroneous, and that his counsel was ineffective for sealing the petitioner's "Version of the Offense," rather than ensuring that it was incorporated in the presentence report.

(f) *Issue 6:* The petitioner alleges that his sentence was unlawful because it relied on a Michigan conviction he attempted to appeal but was unconstitutionally barred from doing so.

In its response, the government argues that the petitioner cannot litigate Issue 1 of his petition because he raised this issue on direct appeal and lost. Furthermore, the government contends that the petitioner is procedurally barred from raising Issues 2 through 7 on collateral review.

#### B. *The Decision*

Upon review of the record, the magistrate judge found that petitioner's § 2255 motion should be denied and dismissed because the petitioner is procedurally barred from raising Issues 1, 2(a), 5, and 7

---

**3.** The magistrate judge deemed this allegation as Issue 2(a) of the petitioner's § 2255 petition.

**4.** The magistrate judge deemed this allegation as Issue 2(b) of the petitioner's § 2255 petition.

on collateral review, and he procedurally defaulted on Issues 2(b), 3, 4, 5, and 6. This Court agrees.

### 1. *Issue 1*

In his petition, the petitioner alleges that the search of his apartment and seizure of firearms violated his Fourth Amendment rights. The petitioner specifically contends that he possessed a privacy interest in the apartment and its contents at the time of the search, and that the government's search and seizure, without a warrant or the petitioner's consent, was unlawful. Furthermore, the petitioner requests an evidentiary hearing to establish the fact that Sergeant Parks committed perjury.

■ The magistrate judge correctly recognized in his report and recommendation that issues raised on direct appeal may not be raised in a collateral attack, such as a § 2255 motion. *Boeckenhaupt v. United States,* 537 F.2d 1182 (4th Cir. 1976). The petitioner previously filed a motion to suppress evidence in the district court. In denying this motion to dismiss, the district court held that the petitioner had no standing to challenge the search and seizure because he had relinquished his privacy interest in the apartment. The petitioner then raised the district court's denial of his motion to suppress evidence on direct appeal, and the United States Court of Appeals for the Fourth Circuit affirmed the district court's order. Accordingly, because the petitioner raised Issue 1 on direct appeal, he is procedurally barred from raising this issue now on collateral review.

■ Additionally, this Court agrees with the magistrate judge that the petitioner has failed to demonstrate that he is entitled to an evidentiary hearing regarding Sergeant Parks' alleged perjury. An evidentiary hearing is not required where the case file and documents are "adequate to dispose of the matter." *Hurdle v. United States,* 2007 WL 1555779, at *2, 2007 U.S. Dist. LEXIS 37709, at *5 (E.D.Va. May 22, 2007). *See also* 28 U.S.C. § 2255 (2008) ("[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto"). In this case, sufficient evidence existed aside from Sergeant Parks' testimony to prove that the petitioner committed the crime. Accordingly, the petitioner is not entitled to an evidentiary hearing concerning the issue of alleged perjury.

### 2. *Issue 2(a)*

■ In the first part of Issue 2 of his § 2255 petition, the petitioner alleges that his sentence was unlawful because the sentencing judge relied on two unlawful prior Michigan state convictions to enhance his sentence. This argument is procedurally barred.

■ In *Custis v. United States,* 511 U.S. 485, 496–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court held that a federal defendant may not challenge a prior state conviction used to enhance his federal sentence unless the prior conviction was obtained in the absence of counsel. *See also United States v. Bacon,* 94 F.3d 158, 162–63 (4th Cir.1996).

The petitioner in this case had counsel during both prior state convictions. Therefore, the petitioner may not challenge the sentencing judge's use of his prior convictions to enhance sentence. Accordingly, the petitioner is procedurally barred from raising this argument.

#### 3. *Issue 5*

In Issue 5 of his petition, the petitioner challenges facts included in the presentence report, challenges the convictions used to enhance his sentence, and alleges that his counsel was ineffective for sealing the petitioner's "Version of the Offense" rather than ensuring its incorporation in the presentence report.

As discussed above in Issue 2(a), a federal defendant may not challenge a prior state conviction used to enhance his sentence unless the petitioner was not represented by counsel when the conviction was obtained. *Custis*, 511 U.S. at 496–97, 114 S.Ct. 1732; *Bacon*, 94 F.3d at 162–63. Accordingly, because he was represented by counsel during his prior convictions, the petitioner is procedurally barred from raising this issue before this Court.[5]

#### 4. *Issue 7*

The petitioner alleges that his sentence was unlawful because it relied on a Michigan conviction that he attempted to appeal, but was unconstitutionally barred from so doing because his transfer from federal to state custody deprived him of filing a timely appeal. Additionally, the petitioner alleges that his counsel was ineffective for not raising this issue on direct appeal.

Again, because the petitioner was, indeed, represented by counsel during the proceedings regarding the Michigan conviction, he may not collaterally attack the sentencing judge's use of this prior conviction to enhance his sentence. Thus, the petitioner is procedurally barred from raising Issue 7 of his § 2255 petition.

**5.** The remaining claims in Issue 5, including the petitioner's challenge to the presentence report, as well as his allegation concerning ineffectiveness of counsel, cannot be raised before this Court because the petitioner pro-

#### 5. *Issues 2(b), 3, 4, 5, and 6*

It is well-established law that issues that could have been raised on direct appeal, but were not, may not be later raised in a collateral attack such as a § 2255 motion. *Sunal v. Large*, 332 U.S. 174, 178–79, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). As stated by the United States Court of Appeals for the Fourth Circuit:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show *cause and actual prejudice* resulting from the errors of which he complains or he must demonstrate that a *miscarriage of justice* would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on *something external to the defense*, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show *actual innocence by clear and convincing evidence.*

*United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir.1999) (emphasis added) (internal citations omitted). The magistrate judge correctly noted that none of the issues presented by the petitioner in his § 2255 petition were raised on direct appeal. Thus, the petitioner must show cause and actual prejudice or actual innocence in order to go forward with his claims.

cedurally defaulted on them, as discussed below, and he cannot show cause and actual prejudice or actual innocence in order to go forward with his claims.

The petitioner has failed to make the necessary showing with respect to those claims alleged to be in procedural default. His § 2255 petition failed to present any legitimate cause for his failure to raise these claims on direct appeal. Consequently, he cannot argue that he has proven cause and actual prejudice.

■ Moreover, while the petitioner does argue in his objections to the magistrate judge's report and recommendation that his conviction was a miscarriage of justice, he has failed to meet the clear and convincing standard for proving actual innocence. "Typically, to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he is convicted." *Mikalajunas*, 186 F.3d at 494. The petitioner has made no showing, neither in his petition nor his objections to the report and recommendation, regarding his factual innocence. Thus, the petitioner cannot successfully argue miscarriage of justice. Accordingly, the petitioner procedurally defaulted on Issues 2(b), 3, 4, 5, and 6, and he cannot raise them on collateral review.

## V. *Conclusion*

Based upon a *de novo* review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. *See* Fed. R.App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the *pro se* petitioner by certified mail and to counsel of record herein.

## REPORT AND RECOMMENDATION THAT § 2255 MOTION BE DENIED

JAMES E. SEIBERT, United States Magistrate Judge.

### I. INTRODUCTION

On June 5, 2006, *pro se* petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Motion was placed in the prison mailing system on May 30, 2006. The Government filed its response December 8, 2006. Petitioner filed a response to respondent's response on January 10, 2007.

### II. FACTS

#### A. *Conviction and Sentence*

The petitioner was named in a one count indictment filed on September 5, 2003 in the Northern District of West Virginia. Petitioner was charged in count 1 with being a felon in possession of firearms, in violation of Title 18, United States Code, Sections 922(g)(1), 922(g)(2), 922(g)(3), and

924(a)(1)(d). On December 9, 2003, petitioner was convicted by a jury trial of count 1.

On March 17, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 84 months imprisonment, of which 48 are to be served consecutively to the petitioner's state sentence.

## B. *Appeal*

On May 22, 2004, petitioner filed a notice of appeal. On February 25, 2005, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. Petitioner petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court denied petitioner's petition on May 31, 2005, 544 U.S. 1067, 125 S.Ct. 2534, 161 L.Ed.2d 1122 (2005).

## C. *Federal Habeas Corpus*

The petitioner asserts the following grounds for relief:

1) The search of his apartment violated the Fourth Amendment protection against unreasonable searches and seizures. Petitioner also alleges he possesses evidence Sergeant Parks committed perjury at the trial and requests an evidentiary hearing to establish that fact.

2(a)) In the first part of Issue 2, petitioner alleges his sentence in the present case was unlawful because the sentencing judge relied on two unlawful prior state convictions from Michigan when enhancing his sentence.

2(b)) In the second part of Issue 2, petitioner alleges counsel was ineffective for failing to bring to the trial court's attention his state defender's assurance there would be no further investigation of his West Virginia crimes if he was extradited back to Michigan.

3) He was prejudiced by the trial court unconstitutionally permitting the government to alter the language of the jury instructions post-trial. He further alleges his counsel was ineffective for failing to raise this issue on direct appeal.

4) He was prejudiced by the Government showing witness Jerry Westervelt the gun directly without having him choose it from a "line-up." Petitioner further alleges his counsel was ineffective for failing to raise this claim on direct appeal.

5) Facts and convictions alleged in the Presentence Report were erroneous and his counsel was ineffective for sealing petitioner's nine-page "Version of the Offense" rather than ensuring it was incorporated into the Presentence Report.

6) He was prejudiced by his trial counsel's failure to permit him to testify in his defense.

7) His sentence was unlawful because it relied on a Michigan conviction he attempted to appeal but was unconstitutionally barred from doing so.

In its response to the Petitioner's motion, the Government asserts:

1) Petitioner is barred from litigating the Fourth Amendment issue because he raised and lost the issue on direct appeal.

2(a)) Petitioner may not challenge his facially valid prior convictions on collateral review.

2(b)) Petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

3) Petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to

raise the issue on direct appeal, he cannot demonstrate "prejudice."

4) Petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

5) Petitioner may not use collateral review to challenge prior state convictions. Furthermore, he is barred from raising the issue of his Presentence Report on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

6) Petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

7) Petitioner is barred from using collateral review to challenge prior state convictions.

## D. *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket because he is procedurally barred from raising Issues 1, 2(a), 5, and 7 on collateral review and procedurally defaulted Issues 2(b), 3, 4, 5, and 6.

## III. *ANALYSIS*

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sen-

tence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America*, 2006 WL 36859, at *2 (E.D.Va. Jan. 4, 2006).

## A. *Timeliness of Motion*

In 1996, the Anti–Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the latest of:

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making the motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Where a federal prisoner files a petition a writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final-thereby triggering the one-year limitation—when the Supreme Court either denies certiorari or issues a decision on the merits. *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

In the present case, the Supreme Court denied petitioner's writ of certiorari on

May 31, 2005. Petitioner therefore had until May 31, 2006 to file his motion under § 2255. Because petitioner placed his motion in the prison mailing system on May 30, 2006, his motion was timely filed. *United States v. Dorsey*, 988 F.Supp. 917, 920 (D.Md.1998).

## B. *Procedurally Defaulted Issues*

 Before evaluating the merits of Petitioner's claims, the Court must determine which of Petitioner's issues he may bring in his § 2255 motion and which issues he "procedurally defaulted" by failing to raise on direct appeal. It is well settled non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a collateral attack such as a § 2255 motion. *Sunal v. Large*, 332 U.S. 174, 178–79, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Constitutional errors that were capable of being raised on direct appeal but were not *may* be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir.1994). In establishing "prejudice," the petitioner must show the error worked to his "actual and substantial disadvantage," rather than merely created a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir.1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). In the alternative to establishing "cause" and "prejudice," Petitioner may demonstrate "actual innocence," or that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In such an event, the court should issue a writ of habeas

corpus to prevent a "miscarriage of justice," regardless of whether the issue was procedurally defaulted. *Hurdle v. United States*, 2007 WL 1555779, at *2–3, 2007 U.S. Dist. LEXIS 37709, at *6–7 (E.D.Va. May 22, 2007) (relying on *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Finally, issues previously rejected on direct appeal may not be raised in a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976).

The Court finds petitioner procedurally defaulted Issues 2(b), 3, 4, 5, 6 because he has failed to show "cause" and "prejudice" for failing to raise the issues on direct appeal. *Maybeck*, 23 F.3d at 891.

## C. *Issue 1—Whether the Search of Petitioner's Apartment Violated the Fourth Amendment.*

Petitioner alleges the search of his apartment and the seizure of firearms violated the Fourth Amendment. Specifically, he alleges he possessed a privacy interest in the apartment and its contents at the time of the search such that the search-conducted without a warrant and without his consent—was unlawful. Petitioner further alleges there is new evidence Sergeant Parks committed perjury and requests an evidentiary hearing to establish that fact. The Government responds petitioner is barred from raising the present Fourth Amendment issue because he raised, and lost, the issue on direct appeal. The Government further alleges Petitioner is not entitled to an evidentiary hearing on the matter concerning Sergeant Parks because petitioner has failed to meet his burden to receive a hearing.

It is well settled that issues raised and decided on direct appeal may not be raised in a collateral attack such as a § 2255

motion. *Boeckenhaupt*, 537 F.2d at 1182. Petitioner raised on direct appeal the District Court's denial of his motion to suppress evidence. The District Court, in denying petitioner's motion, found petitioner had relinquished his privacy interest in the apartment and its contents and therefore had no standing to challenge the search or seizure of evidence. The Court of Appeals affirmed the District Court's judgment. For these reasons, petitioner is barred from raising the present issue on collateral review.

Petitioner has also failed to demonstrate he is entitled to an evidentiary hearing on the matter of whether Sergeant Parks committed perjury. Petitioner alleges a fax from Michigan establishes Sergeant Parks committed perjury when he testified he did not know about petitioner's apartment (where the guns were seized) until after the search of the motor home and that he never sought a search warrant for petitioner's apartment. Assuming the fax could establish Sergeant Parks committed perjury, petitioner is not entitled to a hearing on the matter because the Court finds the record "conclusively" establishes petitioner would not be entitled to relief on the basis of new impeachment evidence of Sergeant Parks. *See* 28 U.S.C. § 2255 ["[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."]; *see, also, United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir.2000); *see, also, Hurdle*, 2007 WL 1555779, at *2, 2007 U.S. Dist. LEXIS 37709, at *5 (E.D.Va. May 22, 2007) [evidentiary hearing not required where the case files and documents are "adequate to dispose of the matter."]. The Court bases its finding on the fact there existed sufficient evidence aside from Sergeant Parks'

testimony (such as evidence petitioner lived in the apartment where the gun was found), to prove petitioner committed the crime.

### D. Issue 2(a)—Whether Petitioner's Sentence Was Unlawful Because it Relied on Unlawful Prior State Convictions

In the first part of Issue 2, Petitioner alleges his sentence was unlawful because the sentencing judge relied on two unlawful prior state convictions from Michigan when enhancing his sentence. Petitioner argues the first conviction was unlawful because the jury convicted him of involuntary manslaughter and yet the judge sentenced him for voluntary manslaughter. He argues his second conviction for "felony firearm" was unlawful because "the Felony Firearm Statute could not be used for an 'Involuntary' conviction." Commissioner contends petitioner is barred from challenging prior state convictions in a § 2255 motion.

The Supreme Court, in *Custis v. United States*, 511 U.S. 485, 496–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), held a federal defendant may not challenge a prior state conviction used to enhance his sentence unless the prior conviction was obtained in the absence of counsel. *See, also, United States v. Bacon*, 94 F.3d 158, 162–63 (4th Cir.1996) [holding because the petitioner was represented by counsel at trial for the prior conviction, he may not collaterally attack a court's subsequent reliance on the conviction for the purposes of a statutory sentence enhancement]. The Court in *Custis* explained permitting otherwise would burden the district courts with the task of "rummaging through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 states." *Custis*, 511 U.S.

at 496, 114 S.Ct. 1732. Additionally, the Court relied on the principle of promoting the finality of judgments. *Id.* Because petitioner had counsel during both prior convictions, he may not challenge the sentencing judge's use of his prior convictions to enhance his sentence.

### E. Issue 2(b)—Whether Petitioner was Prejudiced By His Counsel's Failure to Bring to the Sentencing Judge's Attention Promises Made to Him His State Attorney.

 In the second part of Issue 2, petitioner alleges his counsel was ineffective for failing to bring to the court's attention his state defender's assurance there would be no further investigation of petitioner's West Virginia crimes if he was extradited back to Michigan. The Government argues petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

The Court finds petitioner has procedurally defaulted the above issue and may not use it to collaterally attack his sentence. As explained above, a petitioner "procedurally defaults," and is precluded from raising on collateral review, those issues not raised on direct appeal absent a showing of "cause" for failing to raise the issue on direct appeal and "prejudice" resulting from the underlying error. *Maybeck,* 23

F.3d at 891. Although attorney error satisfying the requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),[1] may· satisfy the "cause" requirement for petitioner's procedural default, *see Murray,* 477 U.S. at 494, 106 S.Ct. 2639, petitioner must still demonstrate "prejudice" resulting from his counsel's ineffectiveness.[2] The Court finds petitioner has failed to demonstrate an "actual and substantial disadvantage" resulted from his counsel's error, because there is no evidence his sentence would have been different had the court known about the alleged promises. *See Satcher,* 126 F.3d at 572. Accordingly, he is procedurally barred from raising the present issue on collateral review.

### F. Issue 3—Whether Petitioner was Prejudiced by the Post–Trial Alteration of Jury Instructions.

 Petitioner alleges he was prejudiced by the trial court unconstitutionally permitting the government to alter the language of the jury instructions post-trial. Petitioner explains that prior to trial, all parties had agreed on specific language for each jury instruction and his defense at trial relied on such language. Post-trial, however, the trial court permitted the government to alter the language of the jury instructions. Petitioner asserts his counsel was ineffective for failing to raise this issue on direct appeal. The Government

1. The Supreme Court in *Strickland* held a defendant is deprived of his constitutional right to counsel if his counsel's performance fell "below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. 2052.

2. It is unclear whether the standard of prejudice establishing ineffective assistance of counsel under *Strickland* (which satisfies the

"cause" requirement for procedurally defaulted claims) is identical to the showing of prejudice necessary to excuse the procedural default. *See Williams v. French,* 146 F.3d 203, n. 10 (4th Cir.1998); *see, also, Freeman v. Lane,* 962 F.2d 1252, 1258–59 and n. 5 (7th Cir.1992) [discussing difference between procedural default and ineffective counsel "prejudice" tests]. This issue need not be decided because the Court finds petitioner has satisfied neither standard of "prejudice" in this case.

argues petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

The Court finds petitioner is procedurally barred from raising the present issue on collateral review because, as with Issue 2(b), petitioner has failed to demonstrate "cause" and "prejudice." *Maybeck*, 23 F.3d at 891. Although petitioner's counsel's ineffective assistance on appeal may satisfy the "cause" requirement, *see Murray*, 477 U.S. at 494, 106 S.Ct. 2639, petitioner has failed to demonstrate an "actual and substantial disadvantage" resulted from the altered instructions. *See Satcher*, 126 F.3d at 572. While petitioner alleges he was prejudiced because his entire defense relied on the originally agreed-upon instructions, the mere possibility of prejudice is insufficient to rehabilitate a procedurally defaulted issue. *Id.* Petitioner has the burden of showing that his conviction and sentence would have been different had the instructions not been altered. Petitioner has not met this burden. Accordingly, he is procedurally barred from raising the present issue on collateral review.

### G. *Issue 4—Whether Petitioner Was Prejudiced by the Government's Failure to Conduct a Proper Gun "Line-up."*

█ Petitioner alleges he was prejudiced by the Government showing witness Jerry Westervelt the gun directly rather than having him identify the gun in a "line-up." Petitioner further alleges his counsel was ineffective for failing to raise this claim on direct appeal. The Government argues petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to

raise the issue on direct appeal, he cannot demonstrate "prejudice."

The Court, once again, finds petitioner is procedurally barred from raising the present issue in his § 2255 motion. Because petitioner did not raise the issue of the gun identification on direct appeal, he must demonstrate "cause" for his failure and "prejudice" resulting from the faulty identification. *Maybeck*, 23 F.3d at 891. Although his counsel's ineffective assistance on appeal may satisfy the "cause" requirement, *see Murray*, 477 U.S. at 494, 106 S.Ct. 2639, petitioner must still demonstrate "prejudice" resulting from his counsel's error. The Court finds petitioner has failed to demonstrate an "actual and substantial disadvantage" resulted from the allegedly faulty gun identification, because he has failed to demonstrate his conviction and sentence would have been different had Jerry Westervelt not been able to identify the gun seized in petitioner's apartment. *See Satcher*, 126 F.3d at 572. Accordingly, he is procedurally barred from raising the present issue.

### H. *Issue 5—Whether Petitioner was Prejudiced by Alleged Errors in the Pre-Sentence Investigation Report and By His Counsel's Failure to Submit Petitioner's "Version of the Offense" to the Court.*

█ Petitioner challenges facts alleged in the Presentence Report, challenges the convictions used to enhance his sentence, and alleges his counsel was ineffective for sealing petitioner's nine-page "Version of the Offense" rather than ensuring it was incorporated into the Presentence Report. The Government argues petitioner may not presently challenge the convictions used to enhance his sentence and is barred from raising the issue of the Presentence Report on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

The Court finds petitioner is barred from collaterally attacking the prior state convictions used to enhance his sentence. *See Custis*, 511 U.S. at 496–97, 114 S.Ct. 1732 (1994); *see, also, Bacon*, 94 F.3d at 162–63. The Court next finds that even if petitioner can prove his counsel was ineffective for failing to raise on direct appeal the issue of the facts contained in his Presentence Report or for sealing his "Version of the Offense," petitioner has failed to show how he was prejudiced by the facts in the Presentence Report or the sealing of his "Version of the Offense." While petitioner challenges numerous aspects of the Presentence Report, petitioner has failed to show that the sentencing judge relied on the facts in arriving at the sentence or that his sentence would have been different absent the facts in the Report or with the facts alleged in his "Version of the Offense." *See Satcher*, 126 F.3d at 572. Accordingly, the Court finds petitioner has failed to demonstrate how he was prejudiced and is therefore procedurally barred from raising the present issues relating to the Presentence Report and his "Version of the Offense."

**I. *Issue 6—Whether Petitioner was Prejudiced Because He Was Not Given the Opportunity to Testify In His Defense.***

 Petitioner alleges he was prejudiced by his trial counsel's failure to permit him to testify in his defense. Petitioner further alleges his counsel's failure constitutes ineffective assistance of counsel. The Government argues petitioner is barred from raising the present issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

 The Court finds petitioner is barred from raising the present issue on

collateral review because he has failed to show his counsel was ineffective for advising him against testifying and that he was prejudiced by his counsel's faulty advise. The Court recognizes there exists a strong presumption counsel's conduct falls within a "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Furthermore, "the advice provided by a criminal defense lawyer on whether his client should testify is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir.2002) (internal quotation marks omitted). Because it appears petitioner's counsel merely strongly advised-as opposed to coerced-petitioner he should not testify, the Court finds his counsel was not ineffective on the basis presently alleged. *See United States v. Laureano*, 2006 U.S. Dist. LEXIS 78227, at *6–10 (D.S.C. Oct. 25, 2006).

Even if petitioner can establish his counsel was ineffective for advising him against testifying, the Court finds petitioner has failed to show how he was prejudiced by his counsel's advise. Petitioner's assertion in his § 2255 motion that he was denied the right to "bring forth evidence" and that the court, absent his testimony, erroneously relied on "assumptions, misconceptions, and plain error," provides insufficient detail to establish how his conviction or sentence would have been different had he testified.

For the aforementioned reasons, the Court finds petitioner is procedurally barred from raising the present issue in his § 2255 motion

**J. *Issue 7—Whether Petitioner's Sentence Was Unlawful Because it Relied on a Conviction He Was Denied the Right to Appeal.***

 Petitioner alleges his sentence was unlawful because it relied on a Michi-

gan conviction he attempted to appeal but was unconstitutionally barred from doing so. Specifically, petitioner alleges the manner in which he was transferred from federal to state custody deprived him of the right to file a timely appeal of his Michigan conviction. Petitioner alleges his counsel was ineffective for failing to raise the issue of his unlawful sentence on direct appeal. The Government contends petitioner is barred from collaterally attacking prior state convictions used to enhance his sentence.

The Court finds petitioner is barred from collaterally attacking his prior state convictions used to enhance his sentence. As explained above in Issue 2(b), a federal defendant may not challenge a prior state conviction used to enhance his sentence unless the prior conviction was obtained in the absence of counsel. *See Custis,* 511 U.S. at 496–97, 114 S.Ct. 1732 (1994); *see, also, Bacon,* 94 F.3d at 162–63. Because petitioner had the assistance of counsel during the trial for the prior conviction, he may not collaterally attack the sentencing judge's use of his prior convictions to enhance his sentence.

### IV. *RECOMMENDATION*

For the foregoing reasons, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket because he is procedurally barred from rasing Issues 1, 2(a), 5, and 7 on collateral review and procedurally defaulted Issues 2(b), 3, 4, 5, and 6.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir.1985): *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to counsel of record.

DATED: December 3, 2007.